THE STATE OF OHIO, APPELLEE, *v.* STARR, APPELLANT.

[Cite as State v. Starr (1970), 24 Ohio App. 2d 56.]

(No. 11047—Decided June 22, 1970.)

*Mr. Melvin G. Rueger* and *Mr. Leonard Kirschner,* for appellee.

*Mr. Edwin J. Hayes,* for appellant.

HESS, J. This is an appeal on questions of law from the Court of Common Pleas of Hamilton County filed by defendant, John Starr, hereinafter referred to as Starr.

Starr and Donald Lewis Grimes, hereinafter referred to as Grimes, were jointly indicted on a charge of rob-

bery. A jury trial was waived by each of the defendants. They were tried jointly, and each was found guilty as charged and sentenced accordingly.

It is apparent from the record that Mary Smith was in a grocery store located at the corner of Highland and University Avenues, Cincinnati, Ohio, on May 2, 1969, between 12:00 noon and 1:00 p. m., and saw Grimes make some purchases. After leaving the store, Mary Smith proceeded to the corner of the streets mentioned to wait for her son to meet her. While she was standing at that corner Grimes came out of the store, approached her, twisted her arm, grabbed her purse and forceably took it from her. After taking her purse, Grimes walked down Highland Avenue toward Donahue Street. He had been drinking and was dirty and unkempt. Mary Smith did not see Grimes, after he entered Donahue Street, until after his arrest.

Berd Welch testified that while he was stopped at the corner of Highland and University Avenues in obedience to a traffic signal light, he saw Grimes take a purse from Mary Smith; that he drove his car around the block from University, along Bellevue to Donahue, and stopped on Donahue Street, from which place he saw a station wagon automobile driven by John Starr proceeding on Donahue toward Bellevue Avenue.

Although there is some variance in the testimony, the conclusion is inescapable that Starr was on Donahue Street, driving an automobile; that he did stop on Donahue Street and pick up Grimes; and that Grimes was in the automobile operated by Starr at the time he and Starr were arrested.

It is undisputed that Starr was in the office of the Adult Probation Department, Court of Common Pleas, pursuant to an appointment at 11:00 a. m. on the day of his arrest, and that he was instructed to meet a prospective employer after the lunch hour that day.

When the automobile driven by Starr was searched, certain pill containers, with the name of Mary Smith on them, were found in the glove compartment.

There is no evidence in the record either that Starr

was at the scene of the alleged robbery or that he communicated with Grimes in any way before the robbery of which Grimes stands convicted.

The question presented to this court is whether the record presents sufficient evidence to establish that Starr aided and abetted Grimes in the commission of the robbery or that he was an accessory before the alleged robbery.

Starr was prosecuted as a principal for aiding and abetting Grimes in the commission of a robbery. Before one can be convicted as an aider or abettor it must be proven beyond a reasonable doubt that he advised, hired, incited, commanded, or counselled the principal to do the act. In short, a conspiracy to do the act must be proven. In the absence of a conspiracy, or some preceding connection with the transaction, one does not aid and abet if he merely sees a crime being committed. 15 Ohio Jurisprudence 2d 288, Section 57.

In the instant case, there is no evidence to support the finding that Starr did anything to aid, abet or conspire with Grimes before the alleged robbery was committed. The only evidence upon which an inference that Starr aided and abetted Grimes could be based is the presence of certain pill boxes, taken from Mary Smith's purse, in the glove compartment of the automobile driven by Starr. Such an inference cannot be indulged in where the undisputed evidence presented by the state is that the pill boxes were taken in the robbery committed by Grimes. Even if Starr saw the pill boxes put into the glove compartment, or knew that they were there, the state failed to prove that he was an accessory before the fact. The only reasonable inference that could be drawn from the evidence in the instant case is that Starr may have been guilty of being an accessory *after* the fact, which is not a crime recognized in Ohio.

For the reasons given, the conviction of Starr by the Court of Common Pleas is reversed and Starr is discharged.

*Judgment reversed.*

SHANNON, P. J., and HILDEBRANT, J., concur.