The STATE of Ohio, Appellee,

v.

PICKETT, Appellant.

[Cite as *State v. Pickett* (1996), 108 Ohio App.3d 312.]

Court of Appeals of Ohio,
Third District, Putnam County.

No. 12–95–10.

Decided Jan. 19, 1996.

*Juergen A. Waldick,* Putnam County Prosecuting Attorney, for appellee.

*Craig M. Linnon,* for appellant.

THOMAS F. BRYANT, Presiding Judge.

This is an appeal by the defendant, Richard Pickett, from a conviction and sentence by the Court of Common Pleas of Putnam County of one count of complicity to trafficking in marijuana in violation of R.C. 2925.03(A)(1).

On January 6, 1995, the Multi–Area Narcotics Task Force utilized a confidential informant to make a purchase of marijuana from Jonah Seitz, a juvenile. When the informant arrived at the Seitz home, she was met by appellant, Richard Pickett. Appellant asked the informant what she wanted and she responded that she had already made arrangements with Seitz.

Appellant then escorted the informant upstairs and said that he had been hearing rumors that she was a "narc." He then stated, "I will have to pat you down if Joe [Seitz] has any questions about it." Although the informant opened her coat, appellant did not pat her down. During the sale of drugs between Seitz and the informant, appellant was present in the room and, according to the testimony of the informant, was able to observe the transaction.

**314**

Appellant and others were later arrested for trafficking in marijuana and complicity to trafficking. A jury trial commenced on July 17, 1995. At the close of the state's case, the defendant made a Crim.R. 29 motion for acquittal. The court overruled this motion. The defendant did not present any witnesses and the jury returned a guilty verdict on the charge of complicity to trafficking in marijuana. The court sentenced appellant to two years' imprisonment, a $2,000 fine plus court costs, and a five-year license suspension. It is this conviction and sentence that Richard Pickett now appeals, raising the following two assignments of error.

"The trial court committed prejudicial error by overruling appellant's Rule 29 motion for acquittal where there was no credible evidence that appellant conspired with a codefendant to offer to sell marijuana.

"The jury verdict as to appellant is contrary to the manifest weight of the evidence."

Crim.R. 29(A) requires the court, upon motion of the defendant, to enter a judgment of acquittal of one or more offenses charged in an indictment if the evidence is insufficient to sustain a conviction of the offense or offenses. A trial court, however, may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus; *State v. Wolfe* (1988), 51 Ohio App.3d 215, 555 N.E.2d 689.

An appellate court's function when reviewing a claim of insufficient evidence under Crim.R. 29 was set forth by the Ohio Supreme Court in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, as follows:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." See, also, *State v. Eley* (1978), 56 Ohio St.2d 169, 172, 10 O.O.3d 340, 341, 383 N.E.2d 132, 134.

Appellant argues that the evidence presented by the state is insufficient to support his conviction for complicity to commit trafficking in marijuana. He claims that according to *State v. Starr* (1970), 24 Ohio App.2d 56, 53 O.O.2d 167, 263 N.E.2d 572, before an accused can be convicted as an aider or abettor, it must be proven beyond a reasonable doubt that he advised, hired, incited, commanded,

or counseled the principal to do the act. Appellant argues that since he did not advise, hire, incite, command, or counsel the juvenile, Seitz, to sell marijuana to the informant, the court erred in denying his Crim.R. 29 motion for acquittal.

We not only find this argument unpersuasive, we note that appellant has omitted a portion of the holding of *State v. Starr* that is applicable to the present case. In *Starr*, the court held:

"Conviction as an aider or abettor in the commission of a crime requires proof beyond a reasonable doubt that the accused advised, hired, incited, commanded, counseled, or otherwise participated as a co-conspirator, *or had some connection with the transaction preceding its occurrence other than merely seeing the crime being committed.*" (Emphasis added.) *State v. Starr, supra,* syllabus.

The evidence indicates that appellant was suspicious of the confidential informant. He not only made these suspicions clear to the informant, he also threatened to pat her down. Therefore, it is clear that appellant had some connection with the transaction preceding its occurrence. Since reasonable minds could have reached different conclusions as to whether this activity constituted aiding or abetting, the trial court properly denied defendant's Crim.R. 29 motion for acquittal.

After a careful review of the evidence in a light most favorable to the prosecution, this court is convinced that the evidence, if believed by the trial court, is sufficient to convince the average mind of appellant's guilt of complicity to trafficking in drugs beyond a reasonable doubt.

Therefore, appellant's assignments of error are without merit and the judgment of the Putnam County Court of Common Pleas is affirmed.

*Judgment affirmed.*

EVANS and HADLEY, JJ., concur.