[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal by the defendant, Tracy Poling, from a conviction and sentence issued by the Municipal Court of Sidney, Shelby County, wherein the court found defendant guilty of one count of domestic violence in violation of R.C. 2919.25.
On August 20, 1997, Tracy Poling ("Appellant herein") made a visit to his ex-wife's home in order to drop off a mattress for his daughter's bed. Appellant's ex-wife and the couple's two children, Brian and Dana, were present at the time of the visit. Brian Poling, 11, had been "acting up" while his father was in the home. Specifically, Brian used foul language while informing his father that he liked his mother's new boyfriend better than he ever liked Appellant. The situation eventually escalated into a physical confrontation between father and son. Appellant was subsequently arrested and charged with violating the domestic violence law contained in R.C. 2919.25(A) for knowingly causing or attempting to cause physical harm to a family or household member.
On November 12, 1997, a trial to the court proceeded. After the prosecution ("Appellee" herein) closed its case, counsel for Appellant made a motion for acquittal pursuant to Crim.R 29. The trial judge denied said motion and subsequently found Appellant guilty of the charge. The court then imposed a $1,000 fine and a 180 day jail sentence. Appellant has filed a timely appeal and asserts two assignments of error for our review.
In his first assignment of error Appellant asserts the following:
I.
 The trial court erred, to the substantial prejudice of the Defendant-Appellant, in denying his motion to dismiss pursuant to Ohio Criminal Rule 29, in entering a judgment of conviction thereunder as such judgment was against the manifest weight of the evidence and was insufficient to establish the essential elements of the offense beyond a reasonable doubt, thereby denying Appellant his rights under the Fourteenth Amendment to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution.
This Court has held that when a defendant enters a motion for acquittal in accordance with Crim.R 29(A), a trial court is required to enter a judgment as such if the evidence is insufficient to support a conviction for the offense[s]. However, a trial court may not grant the motion if the evidence illustrates that "reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." State v. Pickett (1996), 108 Ohio App.3d 312,314, 670 N.E.2d 576, 577, citing State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.
Further, in State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus, the Supreme Court of Ohio established a standard for appellate courts to use when reviewing a claim of insufficient evidence under Crim.R 29(A):
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
In the case at bar, the record reflects that any trier of fact could have found that the state proved the essential elements of domestic violence beyond a reasonable doubt.
R.C. 2919.25(A) states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." "Family or household member" is further defined in R.C.2919.25(E)(1)(a)(ii) to include a child of the offender, as long as the parties currently reside together or have resided together in the past. Moreover, R.C. 2901.01(A)(3) defines physical harm to persons as "any injury, illness or other physiological impairment, regardless of its gravity or duration."
Appellant's first assignment of error is based upon his assertion that the prosecution failed to prove the element of physical harm. In particular, shortly after the altercation between father and son, it was discovered that Brian Poling had several scratch marks and a large red handprint along the side of his stomach. Appellant contends that the state could not prove that these marks were caused by his actions, and thus, the state failed to prove the element of physical harm beyond a reasonable doubt. We find this contention to be wholly without merit.
Even if the scratch marks were not the result of the August 20, 1997, altercation with Appellant, the trial court could have reasonably inferred from the testimony presented at trial that Appellant's actions caused physical harm, within the meaning of R.C. 2901.01(A)(3), to Brian Poling. Specifically, in addition to the victim's testimony, both Dana Poling and Brian Poling's mother testified that they witnessed Appellant hold the boy down and "smack" him repeatedly on the face and stomach. Hence, it is entirely reasonable to infer that such actions caused the eighty-five pound victim to experience actual physical harm.
Moreover, we note that the language of R.C. 2919.25(A) does not require the state to prove actual injury. The clear wording of the statute permits a defendant to be convicted of domestic violence for a mere attempt to cause physical harm to a family or household member. State v. Nielsen (1990), 66 Ohio App.3d 609,612, 585 N.E.2d 906, 908.
Appellant's first assignment of error is overruled.
In his second assignment of error Appellant asserts the following:
II.
 The trial court erred to the substantial prejudice of the Appellant in overruling his objection to the lack of foundation for the photograph, thus violating his rights under the United States and Ohio constitutions.
During the trial the prosecution introduced as evidence a photograph of the scratch marks located on Brian Poling's stomach. Although Appellant contends that the state failed to establish the proper foundation for the admission of the photograph, we conclude that the evidence in question was properly authenticated. The victim's mother testified that the picture was taken just after Appellant left her home on August 20, 1997. She also testified that the picture accurately reflected the condition of Brian's stomach at the time. We find that this testimony satisfies the general requirement of Evid.R. 901 wherein a proponent must testify that the photograph in question accurately reflects the condition of the matter depicted before it can be properly admitted.
Moreover, although not clearly stated in the second assignment of error, Appellant also argues that the photograph should have been excluded under Evid.R. 403(A) due to the fact that the prejudicial effect substantially outweighed any probative value. We find this contention to be without merit.
In State v. Maurer (1984), 15 Ohio St.3d 239, 265,473 N.E.2d 768, 791, the Supreme Court of Ohio held that Evid.R. 403 and 611(A) provide trial judges with broad discretion in terms of the admission of evidence, and in the absence of a clear abuse of discretion and material prejudice to the defendant, an appellate court should not interfere with such decisions. In this case, Appellant has failed to show that the trial court abused its discretion and that he was materially prejudiced by the admission of the photograph.
Appellant's second assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and HADLEY, J., concur.