OPINION
Defendant-Appellant, Ernest F. Bonanno, appeals the judgments of the Common Pleas Court of Allen County finding Appellant guilty of theft by deception; aggravated theft by deception; failure to remit sales tax; and filing a false tax return, and sentencing Appellant to consecutive prison terms on the various charges. Although Appellant was indicted on the theft charges and tax charges in two separate indictments, the cases were consolidated for trial. Similarly, the cases have been consolidated for purposes of this appeal.
The evidence demonstrates that Appellant was the owner of a manufactured home dealership in Allen County, Ohio, known as Riviera Homes ("Riviera") from approximately 1993 to 1997. During that time, Appellant acted as an agent of Commodore Homes ("Commodore"), a producer of manufactured homes based out of Indiana. Appellant displayed several samples of Commodore's homes on the Riviera lot. If a customer wished to purchase one of the homes from Riviera, Appellant would draft a contract with the purchasers and contact Commodore to place an order. After verification of the customer's interior and exterior specifications and assurance that the purchasers could obtain financing, Commodore would begin production of the home.
A criminal investigation into Riviera's business practices began in 1997 in response to complaints from various customers who alleged that they had provided Appellant with substantial amounts of money or property as a down payment for a manufactured home, and that Appellant had not delivered the homes or returned the down payments. As a result of this investigation, Appellant was indicted on April 26, 1997, on one count of theft by deception in violation of R.C. 2913.02(A)(3), with the stolen property being valued at $500 or more. Appellant was also indicted on one count of aggravated theft by deception in violation of R.C.2913.02(A)(3), with the stolen property being valued at $100,000 or more. A second indictment was handed down on June 11, 1998 wherein Appellant was charged with one count of failure to remit sales tax in violation of R.C. 5739.12 and R.C. 5739.99 and one count of filing a false tax report in violation of R.C. 5703.26
and R.C. 5739.99.
Appellant pled not guilty to the charges and subsequently waived his right to a jury trial. The cases were consolidated and a trial to the court proceeded in July, 1998. On July 14th, the trial court found Appellant guilty on all charges contained in the indictments. Sentencing was delayed to allow time for a presentence investigation.
At the August 26, 1998 sentencing hearing, the court sentenced Appellant to eleven months for the charge of theft by deception and four years for the charge of aggravated theft by deception. These sentences were ordered to run consecutive to each other. The trial court also sentenced Appellant to thirteen months for the failure to remit sales tax and eleven months for filing a false tax report. These sentences were ordered to run concurrent to each other, but consecutive to the thefts, for a total of six years in the Ohio Department of Rehabilitation and Correction. In addition to the prison term, Appellant was also ordered to pay approximately $140,000 in restitution to the various victims. The sentences were journalized on August 31, 1998.
Thereafter, Appellant perfected the instant appeal, asserting three assignments of error for our consideration.
Assignment of Error I
 The trial court committed an error of law when it imposed consecutive terms of incarceration contrary to R.C. 2929.14
and R.C. 2929.19.
A trial court's ability to order consecutive sentences is governed by R.C. 2929.14(E)(3). This statute provides that a court must make the following specific findings before imposing consecutive terms:
 [T]hat the consecutive sentence is necessary to protect the public from future crimes or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing * * *.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B)(2)(c) also provides that a court "shall make a finding that gives its reasons" for selecting consecutive sentences at the sentencing hearing.
R.C. 2953.08(G)(1) allows a reviewing court to vacate a sentence and remand it to the trial court for resentencing if the appellate court finds, clearly and convincingly, that: "(a) the record does not support the sentence; * * * [or] (d) [t]hat the sentence is otherwise contrary to law." For the following reasons, we find merit to Appellant's argument due to the fact that the record does not support consecutive sentences or, in the alternative, that consecutive sentences in this case are otherwise contrary to law.
In the recent case of State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported, we analyzed the Ohio felony sentencing statutes, the means of their fulfillment by the trial court, and the standard for appellate review in such sentences. There, we held that it is the trial court's findings under R.C.2929.03, 2929.04, 2929.11, 2929.12, 2929.14 and 2929.19 which in effect, determine a particular sentence and that a sentence unsupported by those findings is both incomplete and invalid.
We further concluded the trial court must strictly comply with the relevant statutes by making such findings on the record at the sentencing hearing. This means that at the hearing, the trial court must clearly recite its findings and, when required, state the particular reasons for doing so.
As a result of Martin, we have explicitly rejected the rules set forth in our previous opinions of State v. Lazenby (Nov. 13, 1998) Union App. No. 14-98-39, unreported, and State v. Wood (Nov. 25, 1998), Van Wert App. No. 15-98-14, unreported. In Lazenby, this court held that a felony sentence is invalid unless the trial court includes the aforementioned necessary findings in the judgment entry of sentencing. Although we find that this is the better practice, we cannot, in the interest of justice, conclude that the trial court's failure to include all essential findings in the judgment entry should render an otherwise appropriate felony sentence invalid. Although we attempted to craft an exception to the Lazenby rule in Wood, supra, the latter case permits an incorrect inference that the mere presence of evidence in the record is enough to comply with the sentencing statutes, regardless of whether the findings were expressly made by the court at the hearing.
With that stated, we must now apply the Martin standard to the instant matter. In so doing, we conclude that the trial court erred in imposing consecutive sentences. The transcript of the sentencing hearing indicates that although the court recited several other applicable statutes, the court failed to mention whether any findings were made in connection with the statutes relevant to consecutive sentences. Likewise, the court did not state its specific reasons for the decision to impose consecutive sentences. Therefore, we must vacate Appellant's sentence and remand the matter for resentencing in accordance with this opinion.
Appellant's first assignment of error is sustained.
Assignment of Error II
 The trial court committed an error of law in finding the Defendant guilty and imposing consecutive sentences for the two (2) theft by deception offenses.
The record reveals that the two theft charges arose from Appellant's involvement with several different victims. The first charge, wherein the value of the stolen property was more than $500, stemmed from Appellant's business dealings with Flora Deeds. The second charge, wherein the value of the stolen property was more than $100,000, stemmed from Appellant's transactions with John and Glenda Rose; F. Ray and Jean Beair; Micha French; J. Clay Shaner; and Dale and Margie Robey.
In his second assignment of error, Appellant argues that the two theft offenses should have been tried as a single offense pursuant to R.C. 2913.61(C) because Appellant was working in his capacity as the owner of Riviera when each of the thefts occurred. We disagree and find Appellant's argument without merit.
R.C. 2913.61(C) states, in relevant part:
 (C) When a series of offenses under section 2913.02 of the Revised Code [theft] is committed by the offender in the offender's same employment, capacity, or relationship to another, all such offenses shall be tried as a single offense * * *. In prosecuting a single offense under this division, it is not necessary to separately allege and prove each offense in the series. It is sufficient to allege and prove that the offender, within a given span of time, committed one or more theft offenses in the offender's same employment, capacity or relationship to another. [Emphasis added.]
The plain language of R.C. 2913.61(C) provides that for the statute to apply, the offender must have committed a series of theft offenses in his same capacity to another. Clearly, the phrase "to another" connotes that the offender must have stolen from the same person or entity while working in his same capacity. Appellant's interpretation of R.C. 2913.61(C) would have this court ignore a plain reading of the statute and find that an offender should be convicted of only one theft offense whenever he has committed a series of thefts while in his same capacity, regardless of the number of victims that may be involved.
Although Appellant also cites to this court's decision in State v. Redmond (Mar. 7, 1996), Crawford App. No. 3-95-24, unreported, in support of his argument, we find Appellant's reliance on this case is misguided. In Redmond, the evidence demonstrated that the defendant stole money from her employer, Geyers New Market, on three separate occasions while working in her capacity as a grocery clerk. Although the defendant was convicted of three theft offenses, this court held that she should have been convicted of only one charge, in accordance with R.C.2913.61(C), because "the conduct charged consisted of three counts of theft from the same owner, and * * * [defendant] was acting in the same capacity in each act." See, also, State v. Rice (1995),103 Ohio App.3d 388, 402, wherein the Tenth District Court of Appeals stated that a "continuing relationship" with the victim is essential for the application of R.C. 2913.61(C).
 Because the evidence is clear that Appellant did not commit a series of theft offenses against just one victim while working in his capacity as the owner of Riviera Homes, we conclude that R.C. 2913.61(C) is not applicable to this case. Accordingly, since Appellant could properly be convicted of both counts of theft by deception, Appellant's second assignment of error is overruled.
Assignment of Error III
 The trial court committed an error of law in denying the Crim.R. 29 Motion and finding the Defendant guilty of Failure to Remit Sales Tax in violation of R.C. 5739.12.
In State v. Pickett (1996), 108 Ohio App.3d 312, 314, this court held that a trial court is required to grant a motion for acquittal made pursuant to Crim.R. 29 if the evidence is insufficient to support a conviction for the offense[s]. However, a trial court may not grant such a motion if the evidence demonstrates that "reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." Id. citing State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
Appellant argues that the trial court was required to enter an acquittal on the charge of failure to remit sales tax because the State of Ohio did not prove the elements of the offense beyond a reasonable doubt. We are not convinced.
R.C. 5739.12 provides, in pertinent part:
 Each person who has or is required to have a vendor's license, on or before the twenty-third day of each month, shall make and file a return for the preceding month, on forms prescribed by the tax commissioner, and shall pay the tax shown on the return to be due. * * * The commissioner may extend the time for making and filing returns and paying tax, and may require that the return for the last month of any annual or semiannual period, as determined by the commissioner, be a reconciliation return detailing the vendor's sales activity for the preceding annual or semiannual period. The reconciliation return shall be filed by the last day of the month following the last month of the annual or semiannual period.
R.C. 5739.99 states that whoever violates the above statute is guilty of a felony of the fourth degree. Further, R.C. 5739.03(B) states, in pertinent part, that the vendor shall remit the sales tax with the appropriate return "for the period in which the sale is made * * *." A sale is made "when one party becomes obligated to render a service * * * and the other party is obligated to pay a price." Spring Hill Nurseries Co, Inc. (1983), 5 Ohio St.3d 54,55.
It is undisputed that Appellant filed a semiannual return with the Ohio Department of Taxation for the purpose of reporting and remitting sales tax. The instant charge stemmed from Appellant's business transaction with a customer named Goldie Hemmerly. Hemmerly entered into a contract with Riviera for a manufactured home on May 22, 1996. She paid for the home in three lump sum installments: on May 27th, Hemmerly gave Appellant $1,300 toward the home; on June 1st, she paid $40,000 and on December 2, 1996, Hemmerly paid the final installment of $22,450. The home was delivered on December 5th of the same year. The total sales tax for the transaction was calculated at $3,160.
Although the Hemmerly sale was made during the reporting period for January 1 through June 30, 1996, C.T. Kaple, a Criminal Enforcement Agent for the Ohio Department of Taxation, testified that Appellant did not remit any sales tax to the State during that time. In addition, Kaple testified that Appellant failed to remit taxes for the Hemmerly sale during the subsequent reporting period, which covered July 1 through December 31, 1996. Based upon the foregoing, we cannot conclude that the State of Ohio failed to demonstrate, beyond a reasonable doubt, that Appellant failed to remit sales tax for the Hemmerly sale.
As part of this assignment of error, Appellant also argues that he was not required to remit the sales tax to the State within the times specified by R.C. 5739.12 because R.C. 4505.06
states that Appellant does not have to remit the sales tax until he applies for a title on the manufactured home with the clerk of courts. We disagree and find that R.C. 4505.06 does not provide a delay for vendors to remit sales tax to the State. R.C. 4505.06
merely allows manufactured home dealers to remit sales tax through the clerk of courts earlier than they would if the tax was remitted at the appropriate reporting time.
Appellant's third assignment of error is overruled.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court, insofar as it relates to the order of consecutive sentences, is hereby reversed. The sentence is vacated and remanded to the trial court for resentencing; the remainder of the judgment is affirmed.
 Judgment affirmed in part, reversed in part. Sentence vacated and cause remanded for resentencing.
BRYANT, P.J., and HADLEY, J., concur.