OPINION
Defendant-appellant, Jason J. Smith, appeals his conviction in the Mahoning County Common Pleas Court for complicity to aggravated robbery with a firearm specification.
Appellant's arrest and subsequent conviction arose from an incident involving the robbery of Brian Davies. On February 2, 1996, at approximately 11:15 p.m., Davies was driving home from work when a tire went flat on his car. Davies exited the freeway to Salts Springs Road where he pulled the car to the side of the road. As Davies began to change the tire a woman drove up alongside his car and asked him if he needed assistance. He responded affirmatively and the woman indicated that she would return with her brother.
Approximately five minutes later two black men, wearing dark clothing and blue bandannas on their faces, approached Davies and asked him if he needed help. Davies declined and the two men continued towards him. One of the men put a gun to Davies and both demanded all of his money.
Davies complied and handed the two men his wallet. The men then ordered Davies to turn and run away. Davies ran down the street approximately 100 feet, stopped, and turned. Davies observed the two men run down an adjacent street and get into a light-colored GM styled automobile. Davies flagged down a Youngstown Police officer and relayed the robbery incident to him. Davies also described the car he saw the two men get into. The police officer recognized the description. Earlier, he had spotted a similar vehicle and had run a routine check of its license plate. The registration information along with a description of the vehicle was broadcast over the police radio to other officers.
Subsequently, officers came across the vehicle and signaled it to pull over. The car sped up at first then stopped. One passenger from the front and one from the back fled the vehicle on foot. The officers were unable to apprehend them. The officers were able to arrest the driver of the vehicle, appellant. The officers recovered a blue bandanna from the front seat of the vehicle. Davies' wallet and a handgun were found on the ground nearby the vehicle.
On March 1, 1996, a Mahoning County Grand Jury indicted appellant on one count of complicity to aggravated robbery in violation of R.C. 2923.03(A)(2)(F) and R.C. 2911.01(A)(1)(B), with a firearm specification in violation of R.C. 2941.141 and R.C.2929.71(A).
Following a bench trial, appellant was found guilty of complicity to aggravated robbery with a firearm specification. The court sentenced appellant to an indefinite term of incarceration of not less than 8 years nor more than 25 years. The court also sentenced appellant to serve 3 years actual incarceration for the firearm specification to be served prior to and consecutively with the sentence imposed for the conviction for complicity to aggravated robbery. This appeal followed.
Appellant raises three assignments of error. Since appellant's third assignment of error is dispositive of this appeal, we will address it first. Appellant alleges in his third assignment of error that:
 "THE DEFENDANT-APPELLANT'S RIGHTS UNDER THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION WERE VIOLATED SINCE THE CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Although appellant's assignment of error is cast in terms of manifest weight, appellant's argument appears directed towards challenging the sufficiency of the evidence. Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the verdict. State v.Smith (1997), 80 Ohio St.3d 89, 113. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997), 78 Ohio St.3d 380,386. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Smith, supra, at 113.
Alternatively, in determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Thompkins, supra, at 387. "Weight of the evidence concerns `the inclination of the greateramount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" Id. (Emphasis sic.). In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial.Id., at 390, (Cook, J., concurring). "A reversal based on the weight of the evidence, moreover, can occur only after the State both has presented sufficient evidence to support conviction and has persuaded the jury to convict." Id., at 388. (Emphasis sic.).
Appellant was convicted of complicity to aggravated robbery, a violation of R.C. 2923.03(A)(2) and R.C. 2911.01(A)(1). R.C.2923.03 provides in pertinent part as follows:
 "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following"
" * * *
"(2) Aid or abet another in committing the offense;"
R.C. 2911.01 provides in pertinent part as follows:
 "(A) No person, in attempting or committing a theft offense, * * * or fleeing immediately after the attempt or offense, shall do any of the following:
 "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;"
Ohio's complicity statute does not define aiding and abetting. A comprehensive discussion of these terms is found inState v. Sims (1983), 10 Ohio App.3d 56, 58, wherein the court of appeals stated as follows:
 "[T]he terms `aid' and `abet' are familiar and simple legal terms. To aid is to assist. To abet is to incite or encourage. Mere association with the principal is not enough."
In the absence of a conspiracy or some preceding connection with the transaction, one does not aid or abet if one merely sees a crime being committed. Id., at 59, (citing Goins v. State [1889],46 Ohio St. 457). Mere approval or acquiescence without express concurrence or the doing of something to contribute to an unlawful act is not aiding or abetting. Sims, supra, at 59.
Both parties to this appeal cite to case law in support of their discussion of the standard of review. However, neither party cites to any case law relevant or analogous to the fact situation as presented by appellant's case. Our own search revealed State v. Starr (1970), 24 Ohio App.2d 56.
The facts giving rise to the criminal trial in Starr took place near a grocery store in Cincinnati, Ohio. On May 2, 1969, Mary Smith was in the store where she observed a man, later identified as Grimes, make some purchases. Smith left the store and waited outside to meet with her son. While standing there, Grimes approached her, twisted her arm, grabbed her purse, and forcibly took it from her. Grimes continued down the street and Smith did not see him again until his arrest.
Berd Welch was stopped in his vehicle at the intersection near the store. He observed Grimes take Smith's purse from her. Welch followed Grimes in his car and observed Grimes get into a vehicle driven by Starr.
Subsequently, the police arrested the two and searched Starr's vehicle. They found pill containers with Smith's name on them in the glove compartment. Both were charged with robbery, Grimes as the principal offender, Starr as an aider and abettor. After a bench trial, both were found guilty and sentenced accordingly. Starr appealed.
The court of appeals observed:
 "Before one can be convicted as an aider or abettor it must be proven beyond a reasonable doubt that he advised, hired, incited, commanded, or counselled the principal to do the act. In short, a conspiracy to do the act must be proven. In the absence of a conspiracy, or some preceding connection with the transaction, one does not aid and abet if he merely sees a crime being committed. * * * " Starr, supra, at 58
Turning to an evaluation of the sufficiency of the evidence before it, the court found:
 "[T]here is no evidence to support the finding that Starr did anything to aid, abet or conspire with Grimes before the alleged robbery was committed. The only evidence upon which an inference that Starr aided and abetted Grimes could be based is the presence of certain pill boxes, taken from Mary Smith's purse, in the glove compartment of the automobile driven by Starr. Such an inference cannot be indulged in where the undisputed evidence presented by the state is that the pill boxes were taken in the robbery committed by Grimes. Even if Starr saw the pill boxes put into the glove compartment, or knew that they were there, the state failed to prove that he was an accessory before the fact. The only reasonable inference that could be drawn from the evidence in the instant case is that Starr may have been guilty of being an accessory after the fact, which is not a crime recognized in Ohio." Starr, supra, at 58
Appellant's case here is closely analogous to Starr's. The state presented no evidence establishing some preceding connection between appellant and the men who robbed Davies. The state did present evidence that appellant's car had been observed in the area prior to the robbery. However, the state presented no evidence that it was appellant who was in the car at that time or that appellant was in the car with the two robbers.
The physical evidence recovered from the scene of the traffic stop was equally unavailing of some preceding connection between appellant and the robbers. Davies' wallet was found on the ground approximately 15 feet from appellant's vehicle. Davies' undisputed testimony was that two black men, one armed with a gun, took his wallet from him. Davies testified that he was unable to identify appellant as one of the two men who robbed him. Davies also testified that, prior to the preliminary hearing, he had never seen appellant before. Therefore, even if one indulges in the assumption that Davies' wallet came from appellant's vehicle and that appellant knew that it was in his vehicle, the state still failed to present evidence that appellant was an accessory before the fact or aided and abetted in the actual robbery of Davies.
A gun was also recovered from the scene of the traffic stop. It too was found on the ground near appellant's vehicle. When presented with the gun at trial, Davies was only able to say that it was "similar" to the one brandished by the one robber. Also, the state presented no evidence linking appellant to the gun, such as fingerprint evidence or evidence of ownership or registration in appellant's name.
In sum, as with Starr, the only reasonable inference that could be drawn from the evidence here is that appellant may have been guilty of being an accessory after the fact, a crime not recognized in Ohio. The record fails to demonstrate that appellant aided or abetted the two men who robbed Davies. Consequently, the evidence presented was legally insufficient to support appellant's conviction for complicity to commit aggravated robbery.
Accordingly, appellant's third assignment of error has merit.
Appellant alleges in his first assignment of error that:
 "APPELLANT WAS DENIED HIS DUE PROCESS RIGHTS AS GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION SINCE HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."
Due to our disposition of appellant's third assignment of error, his first assignment of error is rendered moot. See App.R. 12(A)(1)(c).
Appellant alleges in his second assignment of error that:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT DEFENDANT/APPELLANT HAD ON OR ABOUT HIS PERSON OR UNDER HIS CONTROL AN OPERABLE FIREARM AT THE TIME OF THE ALLEGED OFFENSE."
"A conviction of a firearm specification can exist only in conjunction with a conviction of a felony." State v. Rodriguez
(1992), 83 Ohio App.3d 829, 835. See also R.C. 2929.14(D)(1)(a)(i). Again, due to our disposition of appellant's third assignment of error, his second assignment of error is rendered moot. See App.R. 12(A)(1)(c).
 _________________________ DONOFRIO, J.
Vukovich, J., concurs
Waite, J., concurs