OPINION
Defendant Terry E. McDuffie appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for one count of complicity to commit trafficking in heroin in violation of R.C. 2923.03, after a jury found him guilty. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION, AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
SECOND ASSIGNMENT OF ERROR
 OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD.
 I
In his first assignment of error, appellant urges the trial court's judgment was insufficient as a matter of law and the jury's verdict was against the manifest of the evidence. In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained the difference between the concepts of sufficiency of the evidence and weight of the evidence. The Supreme Court noted the differences are both qualitative and quantitative. Sufficiency of the evidence refers to the legal standard which is applied to determine whether the evidence is legally sufficient to support a verdict as a matter of law, Thompkins at 386, citations deleted. Even if the judgment is sustained by sufficient evidence, it may nevertheless be against the weight of the evidence, because weight of the evidence concerns the amount of credible evidence offered in a trial in support of one side of the issue, Thompkins at 387, citations deleted. Sufficiency of the evidence is thus a legal determination the trial court makes, while weight of the evidence is directed towards the jury. Appellant cites us to State v. Starr (1970), 24 Ohio App.2d 56, which held a person may not be convicted as an aider or abetter in the commission of a crime unless there is proof beyond a reasonable doubt the person advised, hired, incited, commanded, counseled, or otherwise participated in the illegal transaction, rather than merely being present when the crime was committed. Appellant urges all the State proved at his trial was that he was present as a passenger during a drug transaction. Appellant notes Tyron Pimpleton drove the vehicle, delivered the bag of heroin to the undercover police officer, and accepted the payment. The State points out the officer also testified appellant appeared nervous during the transaction, reaching for the door handle and looking over his shoulder several times during the transaction to scan the area. Another officer testified based upon his education, training and experience as a narcotics investigator, when large amounts of drugs and money are involved in a transaction more than one person is generally involved. There was testimony presented this was a large drug transaction, with the payoff being over $7,000.00. Both appellant and his co-defendant were from out of state and using a vehicle not registered in either of their names. We agree with the State the above stated facts, if believed by the jury, would entitled it to find beyond a reasonable doubt appellant acted as a lookout or otherwise aided and abetted Pimpleton in selling the drugs. Accordingly, we conclude the judgment is sustained the sufficiency and manifest weight of the evidence. The first assignment of error is overruled.
 II
In his second assignment of error, appellant urges the record contains other errors not raised herein. Appellant cites Anders v. California (1966), 386 U.S. 738, as support. Although we do not read Anders, supra, in this manner, nevertheless, we have reviewed the record, and found no error which would warrant a reversal of appellant's conviction or sentence. Accordingly, the second assignment of error is overruled. For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Wise, P.J., and Edwards, J., concur.