OPINION
 STATEMENT OF THE FACTS AND CASE
On March 17, 2001, Delaware County Sheriff's Deputy Todd Woolum responded to a call regarding a possible domestic disturbance at the home of Jeannie Tennant, the girlfriend of Appellant, Jeffrey Louk.
On March 18, 2001, as a result of his call, Appellant was charged with one count of Domestic Violence, in violation of R.C. § 2919.25(A), and one count of Disorderly Conduct, in violation of R.C. §2917.11(A)(1).
On April 17, 2001, this matter went to trial by jury with a finding of guilty on both counts.
On May 24, 2001, Appellant was sentenced to 180 days in the Delaware County Jail, with 150 days suspended, two years probation and costs.
Appellant's sentence has been stayed pending this appeal wherein he assigns the following errors:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ALLOWING HEARSAY TESTIMONY BY A SHERIFF'S DEPUTY UNDER THE "EXCITED UTTERANCE" EXCEPTION TO THE HEARSAY RULE.
 II. THE TRIAL COURT ERRED IN NOT ALLOWING A VOIR DIRE OF THE WITNESS OUTSIDE THE PRESENCE OF THE JURY IN ORDER TO DETERMINE WHETHER THE HEARSAY TESTIMONY FELL WITHIN THE EXCITED UTTERANCE EXCEPTION.
 III. THE TRIAL COURT ERRED IN NOT STRIKING THE HEARSAY TESTIMONY OFFERED BY THE DEPUTY FROM THE RECORD PRIOR TO THE INSTRUCTION OF AND DELIBERATION BY THE JURY.
 IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT THE DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE, BASED UPON THE FACT THAT NO WITNESS POSITIVELY IDENTIFIED THE APPELLANT AS THE ALLEGED PERPETRATOR.
 I.
Appellant argues that the trial court erred in allowing Deputy Woolum to testify as to statements made by the victim under the excited utterance exception to the hearsay rule. We disagree.
The admission or exclusion of relevant evidence lies within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. The trial judge is to decide those questions of fact which must be decided in order to determine whether evidence is admissible, and if the decision on those questions of fact was a reasonable decision, an appellate court should not disturb it. State v. Wallace (1988),37 Ohio St.3d 87, 90.
The trial court admitted Deputy Woolum's statements pursuant to Evid. R. 803 (2), as an excited utterance. This rule provides that a statement relating to a startling event, made while the declarant was under the stress or excitement caused by the event, is not excluded by the hearsay rule. The rationale for admitting an excited utterance is that the circumstances surrounding the statement do not allow the declarant a meaningful opportunity to reflect before speaking, and thus the chance that the statement is fabricated is greatly reduced. Wallace,37 Ohio St. 3d at 88.
To determine if the statements made to Deputy Woolum qualify as an excited utterance, we must look at Evid.R 803(2), which states in pertinent part:
 The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
 (2) Excited utterance
 A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
As this court held in State v. Rocker (August 20, 1996), Guernsey App. No. 94CA28, unreported, at 10-11:
 In determining whether an utterance qualifies as an `excited utterance' under Evid.R. 803(2) the trial court is to consider the following factors:
 (1) the lapse of time between the event and the declaration; (2) the mental and physical condition of the declarant; (3) the nature of the statement; and (4) the influence of intervening circumstances.
Miles v. General Tire Rubber Co. (1983),10 Ohio App.3d 186, 190.
The controlling factor in determining whether a statement is an excited utterance is whether the statement was made under such circumstances as would reasonably show that it resulted from impulse rather than reason and reflection. State v. Smith (1986),34 Ohio App.3d 180, 190. The trial court had broad discretion in making this factual determination. Id.
In the case sub judice, Deputy Woolum testified that he arrived on the scene within three to four minutes of receiving the dispatch call. (T. at 13-14). He further testified that when he arrived on the scene, Ms. Tennant was still holding the telephone. (T. at 10, 13). Deputy Woolum observed Ms. Tennant to be ". . . crying. Her eyes were all puffy. She was nervous. . . . — you could tell something just happened to startle her, and was not in a cool, calm situation. You could tell she still had like an adrenaline high; she was still very excited." (T. at 10). We find the facts regarding the complained of testimony as being close in time and immediately after the incident to qualify as an excited utterance.
Based upon the foregoing, we find that the trial court did not abuse its discretion when it admitted the complained of statements.
Appellant's first assignment of error is overruled.
 II.
In his second assignment of error, Appellant argues that trial court erred in not conducting a voir dire of Deputy Woolum outside of the presence of the jury to determine whether his testimony fell within the excited utterance exception to the hearsay rule. We disagree.
Appellant cites no authority for the proposition that this determination must be made by the trial court through a voir dire
examination.
Appellant apparently premises his argument on the perceived discrepancy between the Deputy's statement and a form completed by the deputy as a standard procedure on a domestic violence call which stated that the victim was "relatively calm."
The credibility of the Deputy's statement was for the jury to evaluate in its role as fact finder. In addition, the Deputy's testimony was subject to cross-examination.
While the court in its discretion could have held a separate voir dire
outside of the presence of the jury in this matter, the court did not abuse its discretion in failing to do so.
Appellant's second assignment of error is overruled.
 III.
Appellant further argues that the trial court erred in not striking the hearsay testimony prior to instruction to and deliberation by the jury. We disagree.
Appellant argues that after the trial court heard the testimony from the victim, Jeannie Tennant, which differed from that of Trooper Woolum, the trial court should have struck the Deputy's testimony as hearsay.
As stated previously, credibility is for the jury to evaluate in its role as fact finder.
Having found in our ruling on Appellant's first assignment of error that the trial court did not abuse its discretion in admitting such statements as an exception to the hearsay rule, we find Appellant's third assignment of error not well-taken.
Appellant's third assignment of error is overruled.
 IV.
In his final assignment of error, appellant contends the trial court erred in overruling his Crim. R. 29 motion for acquittal. Specifically, appellant asserts the State failed to prove the element of identity. We disagree.
"Crim. R. 29(A) requires a trial court, upon motion of the defendant, to enter a judgment of acquittal of one or more offenses charged in an indictment if the evidence is insufficient to sustain a conviction of the offense or offenses."[1] However, a trial court "may not grant an acquittal by authority of Crim. R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt."[2]
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[3]
In the present case, Deputy Woolum identified the Appellant by name and by visual identification. (T. at 7). Identification was also made through the statements made by the victim as related by Deputy Woolum. (T. at 14, 16).
Taking this evidence in a light most favorable to the prosecution, we find the trial court did not err in overruling appellant's Crim. R. 29 motion for acquittal.
Appellant's fourth assignment of error is overruled.
The judgment of the Delaware Municipal Court is affirmed.
By: Boggins, J. Farmer, P.J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware Municipal Court, Delaware County, Ohio is affirmed. Costs to Appellant.
[1] State v. Pickett (1996), 108 Ohio App.3d 312, 314.
[2] Id; see, also, State v. Bridgman (1978), 55 Ohio St.2d 261, syllabus.
[3] State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.