OPINION
Richard Ranson, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas wherein the court found him guilty of two counts of aggravated robbery, in violation of R.C. 2911.01, first-degree felonies; two counts of robbery, in violation of R.C. 2911.02, second-degree felonies; two counts of robbery, in violation of R.C.2911.02, third-degree felonies; two counts of felonious assault, in violation of R.C. 2903.11, first-degree felonies; breaking and entering, a violation of R.C. 2911.13, a fifth-degree felony; possession of criminal tools, in violation of R.C. 2923.24, a fifth-degree felony; aggravated possession of oxycodone, in violation of R.C. 2925.11, a first-degree felony; aggravated possession of methylphenidate, in violation of R.C. 2925.11, a second-degree felony; aggravated possession of amphetamine aspartate and/or amphetamine sulphate and/or dextroamphetamine succharate and/or destroamphetamine sulfate, in violation of R.C. 2925.11, a third-degree felony; aggravated possession of methadone, in violation of R.C. 2925.11, a third-degree felony; aggravated possession of morphine sulfate, in violation of R.C. 2925.11, a third-degree felony; aggravated possession of dextroamphetamine, in violation of R.C. 2925.11, a fifth-degree felony; possession of hydrocodone, in violation of R.C. 2925.11, a third-degree felony; possession of alprazolam, in violation of R.C. 2925.11, a third-degree felony; and possession of temazepam, in violation of R.C. 2925.11, a fourth-degree felony.
On September 13, 2000, Officer Michael Sturgill of the Groveport Police Department responded to a robbery alarm at the Groveport Pharmacy. As he entered the pharmacy, Officer Sturgill noticed damage to the front door of the pharmacy and another door standing ajar. He saw a person in a plaid jacket, later determined to be co-defendant David O'Dell, exit through a side door, run across a parking lot, go through a hole cut in a fence, and run across a field with two other men. Officer Sturgill chased the men around the corner of an apartment complex. When he rounded the apartment building, he saw appellant in the passenger's seat of a van and heard somebody inside the van yell "get this thing running." The van started up and sped away. Several police chased the van in their police cruisers. Franklin County Sheriff Deputy William Butsh testified that the van failed to stop at several stop signs and forced a civilian vehicle off the road. During the pursuit, the rear doors of the van opened and a bench seat was thrown at the cruisers. Officer Butsh testified that O'Dell was the individual who threw the seat out of the van. The police laid down "stop sticks," which the van ran over, and the van veered into a field. The police pursued the van in several cruisers. After the van struck two cruisers, it finally came to a stop.
O'Dell exited the van but was apprehended by Officer Sturgill. Another officer removed appellant from the passenger seat of the van. The driver of the van, co-defendant David Elkins, was apprehended after mace was applied. Inside the van, the officers found several items, including screwdrivers, wrenches, ski masks, gloves, a police scanner, and several garbage bags.
All three men were indicted. O'Dell entered into a plea agreement and was sentenced to nine years incarceration. A jury trial commenced on July 25, 2001, at which Elkins and appellant were co-defendants. On August 2, 2001, the jury found appellant guilty of nineteen counts. After a sentencing hearing on August 9, 2001, the court sentenced appellant to a total of twenty-seven years incarceration and fined him $42,778. Appellant appeals the judgment, asserting the following assignments of error:
 I. THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND THE CONVICTION WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE AS TO THE AGGRAVATED ROBBERY, ROBBERY AND FELONIOUS ASSAULT.
 II. THE TRIAL COURT'S FINDINGS AT THE SENTENCING HEARING WERE INSUFFICIENT TO COMPLY WITH THE STATUTORY REQUIREMENTS OF SECTION 2929.14(E)(4).
 III. THE TRIAL COURT ERRED BY IMPOSING MORE THAN THE MINIMUM SENTENCES WITHOUT FIRST MAKING THE REQUISITE FINDINGS ON THE RECORD PURSUANT TO R.C. 2929.14(B).
Appellant argues in his first assignment of error that there was insufficient evidence to sustain the convictions for aggravated robbery, robbery, and felonious assault, and the convictions were against the manifest weight of the evidence. In State v. Jenks (1991),61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. Id., at paragraph two of the syllabus. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. State v. Gray (2000), Franklin App. No. 99AP-666. In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the factfinder's resolution of the conflicting testimony. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Whether a criminal conviction is against the manifest weight of the evidence "requires an examination of the entire record and a determination of whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180, 193.
In a manifest weight of the evidence review, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thompkins, supra. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id. at 387; State v. Martin (1983), 20 Ohio App.3d 172, 175. "The weight to be given the evidence and the credibility of the witnesses are primarily issues to be decided by the trier of fact." State v. Burdine-Justice (1998), 125 Ohio App.3d 707, 716. The trier of fact has the benefit of seeing and hearing the witnesses testify and is in the best position to determine the facts of the case. In re Good (1997), 118 Ohio App.3d 371,377.
Appellant was found guilty of aggravated robbery, robbery, and felonious assault. With regard to felonious assault, R.C. 2903.11
provides:
 (A) No person shall knowingly do either of the following:
 (1) Cause serious physical harm to another or to another's unborn;
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.
* * *
 (D) Whoever violates this section is guilty of felonious assault, a felony of the second degree. If the victim of a violation of division (A) of this section is a peace officer, felonious assault is a felony of the first degree. If the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, and if the victim suffered serious physical harm as a result of the commission of the offense, felonious assault is a felony of the first degree, and the court, pursuant to division (F) of section 2929.13 of the Revised Code, shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.
R.C. 2901.22(B) provides that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
With regard to aggravated robbery, R.C. 2911.01 provides, in pertinent part:
 (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;
 (2) Have a dangerous ordnance on or about the offender's person or under the offender's control;
 (3) Inflict, or attempt to inflict, serious physical harm on another.
With regard to robbery, R.C. 2911.02 provides, in pertinent part:
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control;
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
 (3) Use or threaten the immediate use of force against another.
Appellant specifically argues the state failed to produce sufficient evidence that he knowingly attempted to cause physical harm to Officer Kenneth Braden and Deputy Butsh; that he had in his possession any deadly weapon on or about his person or control; or that he inflicted or attempted to inflict or threatened to inflict physical harm upon another. Appellant points to several facts to support such claim: (1) it was undisputed Elkins drove the vehicle and had full dominion and control of it; (2) appellant had no role in operating or steering the vehicle; (3) nobody identified who yelled "get this thing running"; (4) Deputy Butsh and Officer Braden testified that appellant was not the one who threw the seat from the back of the moving vehicle; and (5) Deputy Butsh testified that the collision between the suspects' van and the police cruisers was not malicious.
However, although appellant did not operate the vehicle or throw the car seat himself, he may be guilty as a complicitor. An individual charged with complicity shall be prosecuted and punished as if that person were a principal offender. See R.C. 2923.03(F); State v. Lundgren (1995), 73 Ohio St.3d 474; State v. Pearson (1980), 62 Ohio St.2d 291,293. Ohio's complicity statute, R.C. 2923.03(A) provides, "no person, acting with the kind of culpability required for the commission of an offense, shall do any of the following: * * * (2) [a]id or abet another in committing the offense." Ohio courts have defined "aiding and abetting" as assisting, inciting or encouraging. Horstman v. Farris (1999), 132 Ohio App.3d 514, 527. In order to convict a defendant as an aider and abettor, "it must be proven beyond a reasonable doubt that he advised, hired, incited, commanded, or counselled the principal to do the act * * * or [had] some preceding connection with the transaction," i.e., one does not aid and abet if he merely sees a crime being committed. State v. Starr (1970), 24 Ohio App.2d 56, 58. The mere presence of the accused during the commission of a crime does not necessarily amount to being an accomplice. State v. Widner (1982),69 Ohio St.2d 267, 269.
Further, the accomplice's criminal intent may be inferred from the presence, companionship, and conduct of the accomplice both before and after the offense is committed. See State v. Nievas (1997),121 Ohio App.3d 451, 456; State v. Pruett (1971), 28 Ohio App.2d 29, 34. Both direct and circumstantial evidence may be introduced to establish the aiding and abetting elements of complicity. State v. Cartellone (1981), 3 Ohio App.3d 145, 150. Circumstantial and direct evidence are of equal evidentiary value. See Jenks, supra, at 272 (circumstantial evidence and direct evidence inherently possess the same probative value and in some instances certain facts can only be established by circumstantial evidence). Relatedly, the Ohio Supreme Court has explained:
 The intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person, and it need not be. It must be gathered from the surrounding facts and circumstances under proper instructions from the court. In re Washington (1998), 81 Ohio St.3d 337, 340, quoting State v. Huffman (1936), 131 Ohio St. 27, paragraph four of the syllabus.
Because the intent of an accused person dwells in his mind, in the present case we must examine the surrounding facts and circumstances to determine whether appellant aided or abetted in committing aggravated robbery, robbery, and felonious assault. In this regard, we can determine by his actions that appellant's complicity to attempt to cause physical harm to another, possess a deadly weapon, or inflict or attempt to inflict or threaten to inflict physical harm upon another began at the moment appellant chose to run away from the crime scene with his accomplices. His complicity continued when he chose to enter the getaway vehicle and ride in the passenger's seat of the van with his accomplices in an attempt to elude the police. He was present when O'Dell threw the seat and Elkins operated the vehicle toward the police cruisers. This is not a case in which appellant was merely an innocent passenger in the vehicle. He had a previous connection with the crimes and occupants and was intentionally using the vehicle, and benefiting from the unlawful actions of his accomplices, in order to escape capture by the police. By his conduct, appellant encouraged the crimes and his criminal intent may be inferred from his presence, companionship, and conduct both before and after the break-in at the pharmacy.
Based upon our review of the record in the case at bar, we believe that the jury had before it sufficient evidence from which to conclude, beyond a reasonable doubt, that appellant aided and abetted his accomplices in attempting to cause physical harm to another, possessing a deadly weapon, and inflicting or attempting to inflict or threatening to inflict physical harm upon another. The testimony at trial presented substantial circumstantial and direct evidence that, when combined, supported such a finding. Construing the evidence above most strongly in favor of the state, as we are required to do in conducting a review of an insufficient evidence argument, any rational trier of fact could have found these elements of aggravated robbery, robbery, and felonious assault proven beyond a reasonable doubt. Therefore, we find that the jury's determination was supported by sufficient evidence on this issue.
We also find unavailing appellant's argument that his convictions for the above crimes were against the manifest weight of the evidence. Appellant elected not to testify, and he did not present any other witnesses in his defense. Thus, the jury had no evidence against which to weigh the state's witnesses and evidence. The jury apparently found the testimony of the state's witnesses convincing, and we have no reason to disturb such a determination. After reviewing the record and weighing the evidence and all reasonable inferences, we do not believe this is an exceptional case in which the evidence weighs heavily against the conviction. The circumstantial and direct evidence, as well as the surrounding circumstances, demonstrated with a high degree of probative force and certainty that appellant aided and abetted his accomplices in attempting to cause physical harm to another, possessing a deadly weapon, and inflicting or attempting to inflict or threatening to inflict physical harm upon another. Appellant's convictions for aggravated robbery, robbery, and felonious assault were not against the manifest weight of the evidence. For the foregoing reasons, appellant's first assignment of error is overruled.
We will address appellant's second and third assignments of error together. Appellant argues in his second assignment of error that the trial court failed to make the requisite findings for the imposition of consecutive sentences pursuant to R.C. 2929.14(E)(4). Appellant argues in his third assignment of error that the trial court erred by imposing more than the minimum sentences without first making the requisite findings on the record pursuant to R.C. 2929.14(B). The state concedes the trial court failed to make the requisite findings anywhere in the record, and we agree. A review of the record reveals that after the trial court made the requisite findings for appellant's co-defendant, it apparently forgot to make the same for appellant. Therefore, appellant's second and third assignments of error are sustained, and the matter is remanded.
Accordingly, we overrule appellant's first assignment of error and sustain his second and third assignments of error. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded for proceedings consistent with this decision.
Judgment affirmed in part and reversed in part; case remanded.
LAZARUS, J., concurs.
TYACK, P.J., dissents in part.