The STATE of Ohio, Appellee,

v.

WRIGHT, Appellant.

[Cite as *State v. Wright* (1998), 126 Ohio App.3d 628.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5–97–26.

Decided March 18, 1998.

*Robert Fry*, Hancock County Prosecuting Attorney, and *Mark Miller*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, and *David F. Hanson*, Assistant Public Defender, appellant.

---

EVANS, Judge.

This appeal is brought by Darrin E. Wright ("appellant") from a judgment of the Court of Common Pleas of Hancock County sentencing appellant to consecutive terms of eleven months' incarceration following appellant's guilty plea to two charges of domestic violence against his wife, in violation of R.C. 2919.25(A).

On February 11, 1997, appellant was indicted on two counts of domestic violence, both fifth degree felonies. On June 18, 1997, appellant pled guilty to the

charges in the indictment. On August 14, 1997, the trial court sentenced appellant to serve two consecutive eleven-month terms of imprisonment for the crimes.

Appellant now appeals his sentence, claiming in his only assignment of error that the trial court erred when it sentenced him to two consecutive eleven-month terms of incarceration.[1] Appellant posits multiple arguments in support of this claim.

First, appellant challenges the constitutionality of the latest version of R.C. 2953.08,[2] the statute enumerating the grounds on which a defendant may appeal his sentence. Appellant claims that his right to appeal has been eliminated under this statute, since he believes he is among a class of defendants whose sentences do not fall under any of the subsections of R.C. 2953.08. Moreover, appellant argues that pursuant to Section 1, Article II, and Sections 1 and 3, Article IV of the Ohio Constitution, this court is allowed to review his sentence and the General Assembly cannot limit appellate review of his sentence without violating the separation of powers doctrine. Thus, R.C. 2953.08 must be unconstitutional.

We note that under an alternate argument made by appellant, he claims a right to appeal under R.C. 2953.08(A)(4), which states:

"(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:

"* * *

"(4) The sentence is contrary to law."

We agree. Appellant may appeal his sentence on the basis that it is contrary to law. As a result, we have no need to consider this constitutionality argument.

Upon hearing an appeal under R.C. 2953.08(A)(4), this court "may increase, reduce, or otherwise modify a sentence that is appealed * * * or may vacate the sentence and remand the matter to the trial court for resentencing" if this court finds by clear and convincing evidence that the record does not support the sentence or that the requisite findings under R.C. 2929.13(B) for imposing a prison term for a fifth degree felony were not made by the trial court. R.C. 2953.08(G)(1)(a) and (b).

---

1. Loc.R. 11(B) instructs an appellant to be specific in his assignments of error, as generally assigned errors "will be disposed of adversely to the appellant for failure to be specific." While appellant's assignment of error fails to be specific, in the interest of justice, we will consider the arguments appellant raises on appeal.

2. Appellant challenges the version of R.C. 2953.08 effective January 1, 1997.

■ Furthermore, appellant has also presented the alternate claim that he should be able to bring an appeal under R.C. 2953.08(C), since the trial court imposed consecutive sentences in his case. Normally, an appeal under this section requires a motion seeking leave of court to appeal. R.C. 2953.08(C); App.R. 5(C)(1). When an appellant pursues an appeal as of right, this requirement of a motion can also be satisfied by the inclusion of a specific assignment of error pertaining to R.C. 2953.08(C) incorporated in appellant's brief. App.R. 5(C)(2). Although appellant failed to include an assignment of error pertaining to R.C. 2953.08(C), in the interests of justice, we will consider this ground for appeal, since appellant has raised the argument for our consideration in his brief and appellant's consecutive sentence otherwise meets the qualifications for appeal under R.C. 2953.08(C). See State v. Brewer (Jan. 28, 1998), Auglaize App. No. 2–97–20, unreported.

Turning to the merits of appellant's appeal, appellant claims that his sentence of two consecutive eleven-month terms of incarceration is contrary to law because the evidence does not support the trial court's finding of serious physical harm as a factor under R.C. 2929.12(B), indicating that appellant's offending conduct was more serious than conduct normally constituting the offense of domestic violence. The record demonstrates that appellant pulled his victim's hair. Appellant contends that this act does not amount to "serious physical harm." Furthermore, appellant argues that the fact that his relationship with the victim facilitated the offense, another factor listed in R.C. 2929.12(B), indicating that appellant's conduct was of a more serious nature, should not have been considered during sentencing. Appellant argues that every domestic violence charge involves a "relationship" with the victim, since the causing or attempting to cause physical harm to a "family or household member" is an element of a domestic violence charge under R.C. 2919.25.

According to R.C. 2929.11, the two overriding purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. When sentencing an offender, the trial court is granted broad discretion in determining the most effective way to uphold these objectives. R.C. 2929.12(A). The court is guided in its discretion by subsections (B), (C), (D), and (E) of R.C. 2929.12, which enumerate factors the court should consider when judging the seriousness of the conduct constituting the offense and the likelihood of the offender's recidivism.

■ The record in this case reveals that the trial court carefully considered the factors set out in R.C. 2929.12 before sentencing appellant. The court engaged in a colloquy with appellant and specifically mentioned pertinent information from appellant's presentence investigation report that it relied upon when imposing sentence. The court noted that the seriousness of appellant's conduct was

heightened under R.C. 2929.12(B)(2), given that the victim suffered serious physical and psychological harm as a result of the offense. There is evidence in the record that appellant repeatedly threatened to kill the victim. Furthermore, the court found under R.C. 2929.12(B)(6) that the offender's relationship with the victim facilitated the offense. None of the mitigating factors contained in R.C. 2929.12(C) was found to apply to appellant's case. The court also found that appellant had been previously adjudicated a delinquent child and had a previous and continuous history of criminal convictions. Appellant had a demonstrated pattern of alcohol or drug abuse and had failed to follow through with treatment for his dependency. The court noted that appellant showed no remorse for his crimes.

In addition to reviewing the seriousness and recidivism factors, the trial court also reviewed the factors listed in R.C. 2929.13(B) for sentencing an offender of a fourth or fifth degree felony. Under this section, the trial court found that appellant had caused physical harm to a person, had previously served a prison term, and was not amenable to community control sanctions. After considering all of the factors above, the trial court found appellant's crimes to be of heightened seriousness and found that appellant had a high likelihood of recidivism. In accordance with R.C. 2929.13(B)(2)(a), the trial court also concluded that the imposition of a prison term was necessary to uphold the purposes of felony sentencing and that consecutive sentences were necessary in order to protect the public from appellant.

■ We recognize that the trial court has broad discretion when sentencing within the statutory limits. *State v. Cassidy* (1984), 21 Ohio App.3d 100, 102, 21 OBR 107, 108–109, 487 N.E.2d 322, 323, citing *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179. In this case, the trial court imposed the sentences only after considering all of the factors in R.C. 2929.12. The sentences were within the statutory limits described in R.C. 2929.14. Even assuming that appellant did not cause his victim "serious" physical harm, we find that the remaining evidence cited by the trial court more than adequately supports its decision. Likewise, we find no merit in appellant's claim that the court could not consider the fact that appellant's relationship facilitated his crime as a factor weighing in favor of the seriousness of his crime simply because it was an element of his domestic violence offense. Given appellant's continuous criminal history, the trial court acted within its discretion when imposing consecutive sentences in order to protect the public from the significant likelihood of future crime by appellant. Consequently, we find evidence in the record to support the sentence imposed on appellant by the trial court.

Finally, appellant argues that R.C. 2929.12 and R.C. 2929.13 violate his due process rights because they provide no instruction on how the seriousness and

recidivism factors are to be applied, in contravention of the Fourteenth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Appellant also claims that these statutes are vague, since they fail to describe what weight a sentencing judge is to ascribe to each factor.

Appellant has waived any argument challenging the constitutionality of Ohio's sentencing statutes by failing to raise such claims at the trial level. Generally, an appellate court will not consider errors that the complaining party could have, but did not call to the trial court's attention at a time when the trial court could have avoided or corrected the claimed error. *State v. Childs* (1968), 14 Ohio St.2d 56, 43 O.O.2d 119, 236 N.E.2d 545, paragraph three of the syllabus; *State v. Glaros* (1960), 170 Ohio St. 471, 11 O.O.2d 215, 166 N.E.2d 379, paragraph one of the syllabus; *State v. Williams* (1977), 51 Ohio St.2d 112, 117, 5 O.O.3d 98, 101, 364 N.E.2d 1364, 1367. "[T]he question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *State v. Awan* (1986), 22 Ohio St.3d 120, 122, 22 OBR 199, 202, 489 N.E.2d 277, 279, citing *State v. Woodards* (1966), 6 Ohio St.2d 14, 35 O.O.2d 8, 215 N.E.2d 568.

The Supreme Court of Ohio held in *Awan* that the "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *Id.* at syllabus.

Consequently, we find that appellant's failure to raise any constitutional error or objection at the trial level regarding the application of R.C. 2929.12 and 2929.13 to his case effectuated a waiver of the issue on appeal.

Based on the foregoing opinion, we overrule appellant's claim that the trial court erred when it sentenced him to two consecutive eleven-month terms of incarceration. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT, J., concurs.

SHAW, P.J., concurs in judgment only.