JOURNAL ENTRY AND OPINION
Defendant-appellant Clark J. Fischer ("appellant") appeals from his conviction for one count of kidnapping and two counts of gross sexual imposition.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ERRED BY ALLOWING PREJUDICIAL OTHER ACTS EVIDENCE TO BE INTRODUCED TO THE JURY.
 II. THE CONVICTION OF KIDNAPPING IS VIOLATIVE OF THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 III. THE LOWER COURT ERRED AND DENIED THE APPELLANT DUE PROCESS OF LAW WHEN IT OVERRULED HIS MOTION FOR JUDGMENT OF ACQUITTAL MADE PURSUANT TO OHIO CRIMINAL RULE 29 (C).
 IV. THE LOWER COURT ERRED AND DENIED THE APPELLANT DUE PROCESS OF LAW WHEN IT DENIED HIS REQUEST FOR A CHARGE TO THE JURY ON THE LESSER INCLUDED OFFENSE OF DISORDERLY CONDUCT.
V. THE VERDICTS WERE AGAINST THE WEIGHT OF THE EVIDENCE.
 VI. THE EVIDENCE IS INSUFFICIENT TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
 VII. THE RECORD DOES NOT SUPPORT A SENTENCE OF SIX YEARS FOR THE KIDNAPPING CONVICTION AND FIVE YEARS FOR THE GROSS SEXUAL IMPOSITION CONVICTIONS AS THE EVIDENCE DOES NOT ESTABLISH THAT THESE OFFENSES ARE OF A MORE SERIOUS NATURE THAN CONDUCT NORMALLY CONSTITUTING THESE OFFENSES.
 VIII. THE PROVISIONS R.C. § 2950 ARE VIOLATIVE OF SECTION I, ARTICLE I OF THE OHIO CONSTITUTION AND THE FEDERAL CONSTITUTION.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
In 1996, appellant received custody of Traci, his daughter from a previous marriage. Traci began seventh grade in the fall of 1996. Traci befriended several of her classmates and invited the girls to her home for a number of sleep-overs during the 1996-1997 school year. These sleep-overs led to a series of tickling incidents between the seventh-grade girls and appellant. Based upon appellant's tickling behavior, the grand jury indicted appellant for seven counts of kidnapping and eight counts of gross sexual imposition. Appellant was brought to trial on the charges.
Meghan Ferguson testified that she and Traci Fischer were best friends for part of the 1996-1997 school year. Meghan stayed overnight at the Fischer home approximately ten times. In January of 1997, Meghan spent the night at appellant's house. In the morning, appellant ran into the bedroom, jumped onto the bed, and began tickling Meghan's stomach and sides. In February, Meghan again was at the Fischer home. Meghan, Traci, and Kristen Coleman were in the basement recreation room. Appellant put Kristen on a blanket and dragged her to another part of the room. Appellant sat on Kristen and tickled her. Meghan and Traci ran from the room and hid under a bed upstairs to avoid being tickled themselves. Appellant tried to pull the girls out from under the bed and tickled their feet.
Kristen Coleman also testified about the February incident. Kristen related that she and Meghan were watching appellant and Traci play a video game. Appellant stopped playing the game and put Kristen on a blanket which he dragged to the middle of the room. Appellant sat on top of Kristen, squeezing her legs so she could not move. Appellant tickled the thirteen-year old's sides and stomach while the other two girls ran from the room. After they left, appellant put his hands under Kristen's shirt. His hands were about half-way up the inside of Kristen's shirt when she managed to escape. Kristen went upstairs and joined Meghan and Traci under a bed, where they hid from appellant. Appellant located the girls and grabbed their legs to pull them out from under the bed. Kristen stated she felt uncomfortable and afraid during the incident.
Brittany Reilly was twelve-years old when she stayed the night at appellant's house in the fall of 1996. Brittany slept in a bed with Traci Fischer. Appellant woke Brittany by sitting on her and tickling her stomach and breasts. Brittany asked appellant to stop and tried to push the much stronger man away. Appellant persisted in his actions of tickling the child. Brittany again spent the night at appellant's house before Christmas of 1996 and in April of 1997. Appellant repeated his behavior with Brittany, who awoke to find appellant on top of her, tickling Brittany's stomach and breasts.
Jill Natale testified that she too spent the night at the Fischer home. She witnessed the incident in April between Brittany Reilly and appellant. Jill related that Traci had already gotten up and left the room. Jill was awake. Brittany still slept when appellant entered the room and straddled Brittany. Appellant started tickling Brittany around her breasts and stomach. Brittany told appellant to get off of her but appellant did not comply.
Emily Vannucci stayed the night at appellant's home two or three times during the 1996-1997 school year. Emily stated that appellant tickled them a lot, once tickling her upper thigh when she and appellant were alone in the kitchen. Appellant also came into the room one morning and starting tickling Emily, Traci, and another girl, although the children all were awake. Appellant sat on the bed to tickle Emily, tickling her upper thighs. Emily told appellant to stop and tried to escape. She eventually managed to kick appellant off of her.
Halle Dixon testified that she attended a party at appellant's home in June of 1997. During a water balloon fight, appellant filled a bucket with cold water and poured it over the thirteen-year old girl. Appellant looked Halle up and down. Appellant then said Halle looked hot when she was wet. Appellant also had commented that Halle looked good when she was not wearing a bra.
The trial court partly granted the defense's Crim.R. 29 motion and dismissed two of the kidnapping counts and two gross sexual imposition offenses. The jury acquitted appellant of eight of the remaining charges. The jury convicted appellant of one count of kidnapping against Kristen Coleman and two counts of gross sexual imposition for charges involving Brittany Reilly.
The trial court held a hearing and determined appellant was a sexual predator pursuant to R.C. 2950.09. The trial court sentenced appellant to five years for each of the gross sexual imposition charges and six years for the kidnapping offense. The sentences were to be served concurrently.
 II.
In his first assignment of error, appellant contends the trial court abused its discretion by admitting testimony regarding other acts into evidence. Specifically, appellant objects to the testimony of Halle Dillon. Dillon was not one of the victims but another seventh-grade classmate of appellant's daughter. On the stand, Dillon described a water balloon fight which took place in June of 1997 at appellant's home. Appellant joined in the fray with the children. Dillon averred that appellant filled a bucket with cold water and threw it on her. Appellant looked Dillon up and down, then commented that Dillon looked hot when she was wet. On another occasion, appellant had said Dillon looked good when she was not wearing a bra.
The decision whether to admit or exclude relevant evidence lies within the discretion of the trial court. State v. Sage
(1987), 31 Ohio St.3d 173. An appellate court will not disturb the trial court's decision to admit or exclude evidence absent an abuse of discretion and a showing that the accused has suffered material prejudice. State v. Martin (1985), 19 Ohio St.3d 122, 129.
An accused cannot be convicted of one crime by proving he or she has committed other crimes or is a bad person. State v.Jamison (1990), 49 Ohio St.3d 182. Evid.R. 404 (B) provides:
 Other crimes, wrongs or acts. Evidence of the other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Evidence of other crimes may be admissible to show "motive or intent, the absence of mistake or accident on [defendant's] part, or the defendant's scheme, plan, or system in doing the action in question." R.C. 2945.59.
Evid.R. 404 (B) and R.C. 2945.59 are exceptions to the general rule which excludes evidence of previous or subsequent criminal acts by the accused which are wholly independent from the charges for which the accused is on trial. State v. Hector (1969),19 Ohio St.2d 167. Because they are exceptions, Evid.R. 404 (B) and R.C.2945.59 are strictly construed against admissibility. The evidence may be admitted if the other act tends to show by substantial proof any of those things enumerated in R.C. 2945.59 and Evid.R. 404 (B).State v. Broom (1988), 40 Ohio St.3d 277, paragraph one of the syllabus. The acts may or may not be similar to the crime at issue. Id. Evidence of prior acts may not be used to prove the inference that the defendant acted in conformity with his other acts or that he has a propensity to act in such a manner. SeeState v. Smith (1990), 49 Ohio St.3d 137, 140. The prior act cannot be too remote and must be closely related in nature, time, and place to the offense charged. State v. Henderson (1991),76 Ohio App.3d 290, 294.
Appellant argues that the testimony of Halle Dillon was not relevant. He submits the state only had Dillon testify to show a pattern of sexually related behavior by appellant toward his daughter's adolescent friends.
Before Dillon testified, the trial court instructed the jury that the testimony was admissible only to show appellant's motive, intent, plan, or absence of mistake. The trial court stated the evidence was not admissible to prove appellant's character, to show he was a bad person, to show he committed the crime, or to prove appellant acted in conformity with being a bad person. A jury is presumed to follow instructions given it by the trial court. Statev. Coleman (1999), 85 Ohio St.3d 129.
The evidence in question was closely related in time, place, and manner to the crimes charged in the indictment. Halle Dillon was a seventh-grade classmate of appellant's daughter, as were the alleged victims. All the incidents with Dillon and the victims took place during the 1996-1997 school year. The trial court issued a limiting instruction informing the jury that Dillon's testimony was not to be considered for the purpose of proving that appellant was a bad person or acted in conformity but to show intent, motive, or lack of mistake, all of which are permitted under Evid.R. 404 (B).
The trial court did not abuse its discretion by admitting Halle Dillon's testimony into evidence.
Appellant's first assignment of error is overruled.
 III.
Appellant's second assignment of error challenges his conviction for kidnapping. Appellant contends that the state bootstrapped the higher offense of kidnapping onto the lower degree felony of gross sexual imposition in order to enhance the penalty. Appellant submits that the legislature provided that conduct which would constitute the misdemeanor offense of sexual imposition becomes the felony of gross sexual imposition if force is used. Appellant argues, that because the legislature specifically targeted the situation where force is used, the state could not also indict him for the more serious felony of kidnapping for the same conduct.
R.C. 2905.01 (A) defines kidnapping as removing another from the place where the other person was found or restraining that person by force, threat, or deception for one of the enumerated purposes set forth in the statute. The state indicted appellant under R.C. 2905.01 (A) (4) which forbids the removal or restraint of another for the purpose of engaging in sexual activity with the victim against the victim's will. Gross sexual imposition under R.C. 2907.05 (A) (1) states that no person shall have sexual contact with another by purposefully compelling another to submit by force or threat of force.
Appellant argues that the state could not indict him for the offense of kidnapping where the proscribed conduct was covered by the charge of gross sexual imposition. Appellant contends that because the gross sexual imposition statute is more specific, he also could not be charged with the more general offense of kidnapping.
Principles of statutory construction require that specific statutory provisions prevail over conflicting general statutes.State v. Volpe (1988), 38 Ohio St.3d 191, 193. R.C. 1.51 provides:
 If a general provision conflicts with a specific or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevails.
R.C. 1.51 only applies if the offenses constitute allied offenses of similar import and if the offenses are not crimes committed separately or with a separate animus for each crime.State v. Chippendale (1990), 52 Ohio St.3d 118, 120. If a general provision of the Criminal Code applies co-extensively with a special provision, the prosecutor may indict for both offenses. Where it is clear the special provision prevails over the general provision or the Criminal Code is silent or ambiguous, the state only may charge on the special provision. Id. To be allied offenses, the elements of the offenses must correspond to such a degree that the commission of one crime will result in the commission of the other. Newark v. Vazirani (1990), 48 Ohio St.3d 81, syllabus.
Appellant first argues that, if he had been convicted of the underlying gross sexual imposition charge, the trial court could not have merged the higher degree kidnapping offense into the lower degree charge of gross sexual imposition. Appellant contends that both offenses would lie and not merge. In State v. Jude (Feb. 18, 1994), Wood App. No. 92WD101, unreported, the, defendant was convicted of both gross sexual imposition and kidnapping. The Sixth District Court of Appeals determined that gross sexual imposition and kidnapping were allied offenses of similar import. In Jude, the offenses were committed with a single animus. The court cited to State v. Whitt (Dec. 5, 1989), Montgomery App. No. 11803, unreported, in which the court held that, in an allied offense case, the offense with the longer sentence should be preferred over the shorter sentence. The Jude court adopted this reasoning and upheld the trial court's judgment of sentencing the offender on the offense of kidnapping and not for gross sexual imposition. Under the reasoning of these cases, appellant would not have been sentenced for both gross sexual imposition and kidnapping but only for kidnapping.
Gross sexual imposition requires that a person have sexual contact with another by the use of or threat of force. R.C.2907.05 (A) (1). Kidnapping is complete when a person removes another or restrains the other's liberty for the purpose of engaging in sexual activity. R.C. 2905.01 (A) (4). This provision only requires that the restraint or removal occur for the purpose of non-consensual sexual activity but does not require that sexual activity actually take place. State v. Powell (1990),49 Ohio St.3d 255.
In State v. Shilling (Aug. 5, 1997), Franklin App. No. 97APAO1-43, unreported, the Tenth District Court of Appeals agreed with the parties that gross sexual imposition and kidnapping were allied offenses of similar import. The court held that the state could charge both offenses in the indictment because it was clear that the general provision applied co-extensively with the special provision. The reasoning of the Shilling court is persuasive. R.C. 2907.05 (A) (1) requires the offender to compel another to have sexual contact by force or the threat of force for the offense of gross sexual imposition to occur. A kidnapping under R.C.2905.01 (A) (4) is complete when a person uses force to remove or restrain another in order to engage in sexual activity. Therefore, the offense of gross sexual imposition by use of force necessarily involves the offense of kidnapping because the use of force will at least restrain the victim's movement. Because the offenses were allied and can be applied together, the prosecution could indict appellant for both gross sexual imposition and kidnapping.
Appellant's second assignment of error lacks merit.
 IV.
In his third assignment of error, appellant argues that the trial court erred by denying his Crim.R. 29 (C) motion for acquittal for the kidnapping conviction. Appellant maintains that, at best, the evidence adduced at trial supports a conviction for either abduction or disorderly conduct but not kidnapping.
A trial court is required to grant a motion for acquittal made pursuant to Crim.R. 29 if the evidence is insufficient to support a conviction for the offense. State v. Pickett (1996), 108 Ohio App.3d 312,314. A trial court shall not grant a Crim.R. 29 motion "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus. The trial court applies the same standard in ruling on motions for acquittal presented either at trial or made after judgment pursuant to Crim.R. 29 (C). State v.Miley (1996), 114 Ohio App.3d 738.
Sufficiency is a legal standard which is applied to determine whether the evidence admitted at trial is legally sufficient to support the verdict as a matter of law. State v. Thompkins (1997),78 Ohio St.3d 380.
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus. In essence, sufficiency is a test of adequacy. Whether the evidence presented in a case is legally sufficient to sustain a verdict is a question of law and a conviction based upon legally insufficient evidence constitutes a denial of due process.Thompkins, supra.
R.C. 2905.01 (A) defines kidnapping as follows:
 No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where he is found or restrain him of his liberty, for any of the following purposes:
 (4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against his will.
Kristen Coleman testified that appellant placed her on a blanket and dragged her to the middle of the basement recreation room at appellant's residence. Appellant sat on the thirteen-year old's legs so that Kristen could not move. Appellant began tickling Kristen's side and abdomen. After Traci and Meghan Ferguson ran upstairs, appellant placed his hands under Kristen's shirt. Appellant's hands were about halfway between the girl's waist and breasts when Kristen managed to escape. She fled upstairs and hid under a bed where the other two girls had secreted themselves.
The trial court was required to view this evidence in the light most favorable to the prosecution when considering the defense's Crim.R. 29 (C) motion for acquittal. Kristen's testimony provided sufficient evidence to support the kidnapping conviction. Appellant restrained Kristen's liberty by sitting on her legs, preventing her from moving. This shows force was used in the restraint. Appellant also moved Kristen from where she was found by placing her on the blanket and dragging the blanket into a different part of the room. Appellant's actions of placing his hands beneath the shirt of the girl to continue the tickling are indicative of his purpose to engage in sexual activity.
Because there was sufficient evidence admitted at trial supporting the kidnapping conviction, the trial court did not need to consider any lesser offenses.
Appellant's third assignment of error is not well-taken.
 V.
In his fourth assignment of error, appellant contends the trial court erred by refusing to instruct the jury on the offense of disorderly conduct. Appellant argues that disorderly conduct is a lesser included offense of both kidnapping and gross sexual imposition. It is appellant's position that the facts of this case supported a jury instruction on disorderly conduct.
A criminal defendant has the right to expect, that the trial court will give complete jury instructions on all issues raised by the evidence. State v. Williford (1990), 49 Ohio St.3d 247. Jury instructions should be tailored to fit the facts of each case.Avon Lake v. Anderson (1983), 10 Ohio App.3d 297.
The trial court must give an instruction on a lesser-included offense or an inferior-degree offense when the evidence adduced at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense or the inferior-degree offense. State v. Shane (1992), 63 Ohio St.3d 630. An instruction on a lesser included offense is appropriate only where "the trier of fact can find for the defendant and against the state on some element of the greater offense which is not required to prove the commission of the lesser included offense and for the state on the elements required to prove the commission on the lesser offense." State v. Solomon (1982), 66 Ohio St.2d 214, paragraph two of the syllabus.
In State v. Deem (1988), 40 Ohio St.3d 205, at paragraph three of the syllabus, the Supreme Court set forth a three-part test to determine when an offense may be a lesser-included offense of another offense:
 An offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense.
R.C. 2905.01 defines kidnapping as follows:
 (A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 (4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will.
The offense of gross sexual imposition is set forth in R.C. 2907.05
which states:
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
The offense for which appellant requested the trial court to instruct the jury was disorderly conduct. R.C. 2917.11 provides in pertinent part:
 (A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:
 (5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender.
Disorderly conduct is a minor misdemeanor unless the offender persists in continuing the conduct after reasonable warning or a request to desist. Then the offense is a fourth degree misdemeanor. R.C. 2917.11 (E). At trial, the state stated that, under the facts of this case, disorderly conduct would be a fourth degree misdemeanor. The defense never argued the offense would be a minor misdemeanor.
Disorderly conduct carries a lesser penalty than either of the offenses of kidnapping or gross sexual imposition. The first prong of Deem is met. The second element of Deem requires that there be no way of committing the greater offense without also committing the lesser offense. In State v. Burgess (1992), 79 Ohio App.3d 584, the Warren County Court of Appeals held that the additional element of failure to desist after a reasonable warning meant that the offense of domestic violence could be committed without committing disorderly conduct. Therefore, disorderly conduct as a fourth degree misdemeanor is not a lesser included offense of domestic violence. The Hamilton County Court of Appeals reached the same conclusion in State v. Gartrell (1995), 103 Ohio App.3d 588, with regard to disorderly conduct as a fourth degree offense and robbery.
Neither kidnapping nor gross sexual imposition contains an element of persistence. Therefore, a person can commit either kidnapping or gross sexual imposition without committing disorderly conduct as a fourth degree misdemeanor. Disorderly conduct as a fourth degree misdemeanor is not a lesser included offense of kidnapping or gross sexual imposition.
Appellant's fourth assignment of error lacks merit.
 VI.
In his fifth assignment of error, appellant contends the jury's verdict was against the manifest weight of the evidence for the kidnapping conviction and both gross sexual imposition offenses. Appellant asserts that the facts adduced at trial really only showed that appellant playfully tickled the girls, who responded with laughter. Appellant submits that his innocent horseplay has been misconstrued to support his convictions for kidnapping and gross sexual imposition.
When reviewing a challenge to the weight of the evidence, the test is whether, after reviewing the entire record and probative evidence and the inferences reasonably drawn from the evidence, the court determines that the trier of fact clearly lost its way when resolving conflicts in the evidence and created a manifest miscarriage of justice such that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172,175. It is the trier of fact who is best able to weigh the evidence and pass on the credibility of the witnesses. State v.DeHass (1967), 10 Ohio St.2d 230. Only if reasonable minds could not fail to find reasonable doubt of a defendant's guilt will an appellate court reverse a conviction as being against the manifest weight of the evidence. State v. Thomas (1982), 70 Ohio St.2d 79. An appellate court will review the evidence to determine if the greater amount of credible evidence offered at trial supports one side of the issue rather than the other. State v. Thompkins
(1997), 78 Ohio St.3d 380.
Appellant first assails his kidnapping conviction by arguing that his conduct of briefly sitting on Kristen Coleman while tickling her is not adequate to support the offense of kidnapping. Appellant points out that all of the girls present during the incident were laughing and stayed the night to attend a ski outing the next day. Laughing is an involuntary response to appellant's action of tickling and not proof that Kristen enjoyed what happened to her. Kristen testified that she was very uncomfortable and scared during the incident. She did not find the incident to be funny. Further, the acquittal on the underlying gross sexual imposition charge does not automatically lead to, an acquittal on the kidnapping offense. As stated supra, kidnapping only requires that the restraint or removal occur for the one of the purposes enumerated in the statute. The sexual activity did not have to take place for the kidnapping to be complete. See Powell, supra.
Whether a touching is undertaken for the purpose of sexual arousal or gratification is a question of fact that must be inferred from the type, nature; and circumstances of the contact. See State v.Cobb (1991), 81 Ohio App.3d 179. There was evidence adduced at trial supporting the state's contention that appellant touched or attempted to touch Kristen for the purpose of sexual gratification. Appellant's kidnapping conviction was not against the manifest weight of the evidence.
Appellant also contends his convictions on the two charges of gross sexual imposition were against the weight of the evidence. Appellant argues that there was no evidence proving he intended to touch Brittany Reilly's breasts with a sexual purpose. Appellant points out that the touching happened openly and while his daughter was nearby.
Brittany Reilly testified that she was twelve-years old when she slept over at appellant's home. Appellant woke Brittany in the morning by straddling the child, restraining her ability to move, and tickling her stomach and breasts. Brittany stated that she did not wear a bra to bed. Brittany tried to push appellant away but he was too strong. Appellant continued tickling when Brittany asked him to stop.
The jury could certainly infer that appellant's actions of climbing on top of a child as she lay sleeping in bed and tickling the young girl's breasts was done for appellant's sexual gratification. Far from being playful, appellant persisted in this conduct after Brittany asked him to stop. Obviously, Brittany was awake when appellant continued his actions. Therefore, any purpose of appellant in tickling the girl to awaken her had been accomplished and appellant had no reason but his own desires to continue touching Brittany. The jury did not lose its way in concluding that appellant was guilty of the two counts of gross sexual imposition.
Appellant's fifth assignment of error is overruled.
 VII.
Appellant's sixth assignment of error challenges the evidence submitted by the state to prove he is a sexual predator. Appellant argues that the state failed to present clear and convincing evidence that he is a sexual predator. Appellant points out that he had no prior record and the determination that appellant is a sexual predator was based upon a single incident.
The trial court held a sexual predator hearing pursuant to R.C. 2950.09 (B). Under this provision of the Revised Code, the trial court is required to consider all the relevant factors set forth in R.C. 2950.09 (B) (2). Those factors are as follows:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for, which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The trial court must arrive at the determination that a defendant is a sexual predator by the presentation of clear and convincing evidence by the state. This standard of proof requires that degree of proof "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469,477. A reviewing court will examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard. Id.
There is no evidence that factors (b), (e), (f), (g), or (i) are applicable in the instant case. Appellant was thirty-eight when the incidents for which he was tried began. Brittany Reilly was twelve when appellant committed the acts of gross sexual imposition. Kristen Coleman was thirteen at the time of the kidnapping. Both girls were in early adolescence, a very vulnerable age. Although appellant argues only a single incident took place, appellant was convicted of two counts of sexual imposition which occurred on different dates with the same victim and another sexually violent offense, that of kidnapping with sexual motivation. Appellant committed the offenses against multiple victims over an extended period of time. Further, there was evidence exhibiting similar behavior against other children, demonstrating a pattern off abuse. The state presented sufficient evidence to meet the standard of clear and convincing proof.
Appellant's sixth assignment of error is overruled.
 VIII.
In his seventh assignment of error, appellant argues his sentence is not supported by the record. Appellant contends that the evidence admitted at trial does not merit a near maximum term of imprisonment for the offenses of gross sexual imposition and kidnapping.
Under Senate Bill No. 2, the trial court must consider the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender. R.C.2929.11 (A); State v. Scovil (1998), 127 Ohio App.3d 505, 509. The trial court is granted broad discretion in determining the most effective way of upholding these objectives. State v. Avery
(1998), 126 Ohio App.3d 36. The trial court must make findings in support of its exercise of sentencing discretion. State v. Albert
(1997), 124 Ohio App.3d 225. The trial court is to consider the factors set forth in R.C. 2929.12 (B), (C), (D), and (E) when judging the seriousness of the conduct constituting the offense and the likelihood of recidivism. State v. Wright (1998),126 Ohio App.3d 628.
This court will review a defendant's sentence to determine if the trial court abused its discretion in imposing sentence.Scovil, supra. A reviewing court will not disturb the judgment of the trial court absent a showing that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id.
At the sentencing hearing, the trial court specifically stated that it was to consider the overriding purposes of Senate Bill No. 2, which are deterrence and punishment. The trial court then went on to consider the factors set forth in R.C. 2929.12 in determining the seriousness of the offenses for which appellant was convicted. The trial court specifically mentioned it considered the physical or mental injuries suffered by the victims, the victims' and appellant's ages, appellant's relationship to the victims, any motivation based on gender or sexual orientation, and that the crimes committed were ones of violence.
The trial court specifically applied these factors by stating:
 In evaluating this case, it seems to this Court that much of the defendant's conduct has been trivialized, and there is a denial, and a failure to admit, in spite of the fact that a jury of the defendant's peers returned these verdicts. The conduct of the defendant was pervasive. The conduct involved victims of tender years who have been traumatized, and the Court believes there is a need to protect society, not only in terms of general deterrence for others, but in terms of specific deterrence . . . I don't believe this defendant has essential remorse, because he's unable to acknowledge the wrongfulness of his conduct . . . It's the opinion off the Court that the defendant has hidden behind ambiguous conduct which has been ultimately exposed . . . There is a dark side to the defendant's persona which has been penetrated by the State's case and which has explained the conduct which is felonious.
(Tr. 468-470). The trial court throughly explained its reasoning for choosing the sentence it imposed. The trial court complied with the dictates of R.C. 2929.12 in doing so. Although appellant makes much off the trial court's mentioning of gender bias as a factor, there is no indication in the trial court's findings which indicate this played a part in the ultimate determination of the length of appellant's sentence. The trial court did not abuse its discretion in sentencing appellant.
Appellant's seventh assignment of error is overruled.
 XI.
In his eighth assignment of error, appellant challenges the constitutionality of R.C. § 2950. This court rejected similar arguments in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Appellant's reliance on State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, is unpersuasive. This court has declined to adopt the reasoning of the Eleventh District Court of Appeals as set forth in Williams. See State v.Boyce (Mar. 11, 1999), Cuyahoga App. No. 73375, unreported.
Appellant's eighth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. and JAMES D. SWEENEY, J. CONCUR.
 ___________________________________ LEO M. SPELLACY JUDGE