JOURNAL ENTRY AND OPINION
Mark Stadalsky claims Judge Nancy Margaret Russo erred in imposing consecutive sentences on his guilty pleas to felonious assault and aggravated robbery, because she failed to enumerate the findings and reasons required under R.C. 2929.14 (E) (4). We agree, affirm the convictions, vacate the sentence and remand for resentencing.
From the record we glean the following: Stadalsky shared an apartment with the victims, Paul Shranko, and his girlfriend, Pauline Pulkkinen. On February 26, 1998. Stadalsky entered the victims' bedroom, cut the telephone cord, beat both of them with a wine bottle, then demanded money and fled with $50. As a result of this attack, Shranko sustained cuts to his head and deep lacerations to his leg, and Pulkkinen suffered a broken hand.
On April 15, 1998, Stadalsky was indicted by the Cuyahoga Grand Jury in a five-count indictment that included two counts of felonious assault, R.C. 2903.11, with notice of prior convictions; two counts of aggravated robbery, R.C. 2911.01, with notice of prior convictions; and one count of disrupting public service, R.C.2909.04. At the time of the indictment, Stadalsky was serving one year of probation for a conviction of attempted possession of drugs.
Prior to trial, Stadalsky was determined to be competent at the time of his alleged acts, and competent to stand trial. On September 17, 1998, pursuant to a plea agreement, Stadalsky pleaded guilty to one count of felonious assault and one count of aggravated robbery, with the notice of prior convictions deleted as to each. All remaining counts were nolled. A pre-sentence report was prepared.
On October 6, 1998, the judge sentenced Stadalsky to four years on the felonious assault conviction, and five years on the aggravated robbery conviction. She further ordered that these sentences were to run consecutively.
Stadalsky's sole assignment of error reads:
 THE LOWER COURT ERRED AND DENIED THE APPELLANT DUE PROCESS AND EQUAL PROTECTION OF THE LAW BY IMPOSING CONSECUTIVE SENTENCES IN A MANNER CONTRARY TO LAW.
Stadalsky maintains that Judge Russo failed to make the requisite findings and reasons, on the record, prior to his being given consecutive sentences required by R.C. 2929.14 (E) (4), and as a result, his sentences should be vacated. The State maintains the judge was diligent in following the statutory mandates and affirmatively demonstrated the reasons warranting Stadalsky's consecutive sentences.
The overriding purposes of felony sentencing are found in R.C.2929.11 (A) which states in pertinent part:
 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
Pursuant to R.C. 2929.19 (B) (2) (C), a judge must make certain findings on the record that support the penalty imposed. R.C.2929.19 (B) (2) (C) states in relevant part:
 (B) (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
***
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences; *** [Emphasis added.]
R.C. 2929.14 (A) provides that the trial judge is to impose concurrent sentences unless he finds, under R.C. 2929.14 (E) (4), that consecutive sentences are warranted. R.C. 2929.14 (E) (4) states:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. [Emphasis added.]
A judge is given broad discretion when sentencing within the confines of statutory authority. State v. Wright (1998),126 Ohio App.3d 628, 710 N.E.2d 1215. However, a mere assertion or averment that the judge "has reviewed the provisions set forth in R.C.2929.14 is not in itself sufficient finding on the record of the court's reasoning for imposing a particular sentence." State v.McCullough (July 27, 1999), Franklin App. No. 98AP-988, unreported. Consecutive prison terms "are appropriate only if the convicted offender, while awaiting trial or sentence, or on probation, caused severe and debilitating harm, or had a history of recidivism and multiple terms are necessary to protect the public from future harm." State v. Kebe (Nov. 12, 1998), Cuyahoga App. No. 73398, unreported.
Prior to sentencing, the judge took into consideration and stated for the record the following:
 The fact that these people knew you and they trusted you and they — you all lived together. Regardless of whether or not they may have been engaged in using drugs is really not relevant. What is relevant is your own conduct. It's not what they may have done or what they may have said to you, but it is about punishing you for your response and to protect the public.
 You [Stadalsky] have a history of criminal convictions. It includes aggravated burglary, possession of cocaine, receiving stolen property, breaking and entering, as well as attempted possession for which you are on probation to this court.
 It is not my feeling that the community is well served by you being placed on any type of community control. In fact the opposite is true, that it is my feeling that the community is best served by a term of incarceration.
It is clear from the foregoing that the judge considered some of her findings that give reasons for the imposition of consecutive sentences. Clearly she felt that Stadalsky, a career criminal with a drug problem, who committed multiple offenses against sleeping victims while under community control, needed to be incarcerated before he caused greater injury to society, through future crime, or to himself. She did not, however, make all the findings required under R.C. 2929.14 (E) to justify consecutive sentences.
The state points to a "Felony Sentencing Findings" form in the record, which is a "check list," filled in by the judge and filed three days after sentencing. The form identifies the various factors listed for consideration in sentencing under R.C. 2929.11
through 2929.14. The judge apparently delineated those applicable to Stadalsky, although she did not mention some of them at sentencing. The state suggests that the information on this form supports the sentence. Stadalsky urges us to not consider the factors so noted because he was unaware of them at sentencing and, under State v. Kase (Sept. 25, 1998), Lake App. No. 97-A-0083, unreported, such findings must be on the record before sentencing. In State v. Albert (Nov. 13, 1997), Cuyahoga App. No. 72677, unreported, at p. 2, we found that such a checklist was evidence that supported the judge's conclusions "regarding the worst forms of these offenses." However, in the instant case, we do not find that the judge's form listed all the findings mandated by R.C.2929.14 (E) (4), and the transcript fails to illustrate that they were considered. Because the judge did not make the requisite findings and reasons to support the imposition of consecutive sentences, Stadalsky's assignment of error has merit.
Accordingly, we affirm the conviction, vacate the sentence and remand for resentencing.
It is ordered that the appellant recover from appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ ANNE L. KILBANE, JUDGE
 TIMOTHY E. McMONAGLE, P.J., CONCUR;
 MICHAEL J. CORRIGAN, J., CONCURRING IN JUDGMENT ONLY.