DECISION
Defendant-appellant, Marie C. Schoenlein, was indicted on February 21, 2001, in case No. 01CR-02-1076. The indictment alleged that appellant had stolen $146,626.06 from her employer, The Cleary Company, between August 1, 1998 and June 30, 1999.
Appellant was also indicted in three additional cases. The indictment in case No. 01CR-02-1082 alleged that appellant stole and forged checks from her employer, Meyers Landscaping, and deposited them in her personal checking account in November 2001. The indictment in case No. 01CR-03-1906 alleged that appellant stole from her employer, Cook's Cabinet, from December 2000 to January 2001. Finally, the indictment in case No. 01CR-09-5233 alleged that appellant stole from her employer, Chester A. Smith, Inc., in December 2001; stole from an employer's customer, Steve Heinlen, in December 2000; stole from her employer, Luxury Bathliners, from January to February 2001; stole from her employer, Rockford Homes, in February 2001; and stole from her employer, Cabinetpak Kitchens, from May to June 2001. The indictment further alleged that appellant threatened to file charges of sexual harassment against her Cabinetpak Kitchens' supervisor if he pursued criminal charges against her.
On September 19, 2001, appellant entered a guilty plea to the single count of theft alleged in case No. 01CR-02-1076. Appellant also pled guilty to one count of theft and one count of forgery in case No. 01CR-02-1082, and the remaining counts were dismissed. In case No. 01CR-03-1906, appellant pled guilty to one count of telecommunication fraud, and the remaining counts were dismissed. In case No. 01CR-09-5233, appellant pled guilty to all six counts. The trial court ordered one presentence investigation with regard to all four cases.
On November 19, 2001, the trial court sentenced appellant to the maximum sentence of five years in case No. 01CR-02-1076 and five years of community control sanctions on the remaining theft counts. Appellant was also sentenced to a six-month sentence on the intimidation charge to be served consecutively with the five-year sentence. Appellant had not served a prior prison term.
Appellant appeals from imposition of the five-year imprisonment sentence for the third degree felony theft violation in case No. 01CR-02-1076, and she raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR
 The trial court erred in imposing the maximum allowable sentence of imprisonment, in violation of the presumption set forth in R.C. 2929.14(C).
 SECOND ASSIGNMENT OF ERROR The trial court erred in imposing a term greater than the minimum period of incarceration, without making the findings required by R.C. 2929.14(B), upon a defendant with no prior history of imprisonment.
A trial court is given broad discretion when sentencing within the confines of statutory authority. State v. Wright (1998),126 Ohio App.3d 628, 632.
The range of imprisonment sentences permitted for felonies of the third degree is from one to five years. R.C. 2929.14(A). By imposing a five-year sentence, the trial court imposed the maximum term.
By her first assignment of error, appellant contends that the trial court erred by imposing the maximum allowable sentence. Appellant argues that imposition of the maximum sentence runs afoul of the presumption in R.C. 2929.14(C).
R.C. 2929.14(C) provides as follows:
 * * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *.
Pursuant to R.C. 2929.19(B)(2)(d), when a maximum sentence is imposed under R.C. 2929.14, the trial court also must set forth its reasons for imposing the maximum sentence.
We conclude that the trial court complied with the statutory mandates for imposing the maximum sentence. The court noted the following with regard to the maximum term of incarceration:
 Now, I have given you the maximum sentence on that case and as a result of that there are certain findings that need to be made on this record. I'm imposing this because this behavior in toto is about the worst form of these theft offenses that I can see. You have got the greatest likelihood of committing future crimes of this nature if and when we let you out.
 This maximum term is necessary, in fact, it's probably not adequate to punish you totally for the behavior you have engaged in. * * * [Tr. at 16.]
By its statements on the record, the trial court expressly articulated two of the factors that warrant imposition of the maximum sentence.
Appellant argues that, even though the trial court referred to factors listed in R.C. 2929.14(C), the maximum sentence was not appropriate under the circumstances, as she had no criminal history prior to her pleas, her offenses did not involve violence, and she had made restitution. We conclude that the variables enumerated by appellant do not belie the trial court's findings. The record demonstrates that the judge questioned appellant regarding her history of stealing from employers and ascertained that appellant had been stealing for years, since 1993 or 1994. The judge further noted that appellant began stealing from one employer on her first day of employment. The judge noted the magnitude of the loss — $148,626.06 for the third degree felony at issue and $283,319.68 for the various counts to which appellant had pled guilty. Although appellant claims her efforts at restitution should support a minimum prison term, it appears restitution was attempted by means of additional theft offenses. In light of this record, we conclude that the trial court made the requisite findings and did not exceed its statutory authority by imposing the maximum sentence. Accordingly, we overrule appellant's first assignment of error.
By her second assignment of error, appellant argues that the trial court erred by imposing a term greater than the minimum without making the requisite findings under R.C. 2929.14(B). We agree.
R.C. 2929.14(B) provides as follows:
 * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In State v. Edmonson (1999), 86 Ohio St.3d 324, 326, the Ohio Supreme Court "construe[d] [R.C. 2929.14(B)] to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." In the instant matter, although the trial court discussed appellant's risk to the community in general terms, we find that the trial court did not make adequate findings under R.C. 2929.14(B).
 Appellee argues that the trial court was not required to find on the record that the imposition of the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime because the trial court had made the appropriate findings, pursuant to R.C. 2929.14(C), to impose a maximum sentence. We disagree.
 In State v. DeAmiches (2001), Cuyahoga App. No. 77609, the Cuyahoga County Court of Appeals concluded that it could not presume from the imposition of maximum and consecutive terms that the sentencing judge reviewed the factors set forth in R.C. 2929.14(B). The court reasoned as follows:
 * * * [We are not] persuaded that the judge necessarily rejected the presumption [in favor of the shortest possible term of imprisonment] based on the State's argument that the maximum consecutive sentences attest to her finding that minimum prison terms were unwarranted. We could only draw such a conclusion if the judge had shown her awareness and consideration of the General Assembly's directive in passing sentence. [Id.]
We agree with the reasoning advanced in DeAmiches. While the same facts that support imposition of the maximum sentence, pursuant to R.C.2929.14(C), could also support imposition of more than the shortest sentence on a defendant who has not previously served a prison sentence, we conclude that the different focus of R.C. 2929.14(B) requires that the trial court find on the record its reason for imposing a prison term in excess of the minimum upon an offender who has not previously served a prison term. Because the instant record does not meet this requirement, we sustain appellant's second assignment of error.
 For the foregoing reasons, appellant's first assignment of error is overruled and the second assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded for resentencing consistent with this decision.
Judgment affirmed in part, reversed in part and remanded for resentencing.
TYACK, P.J., and KLATT, J., concur.