DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sentencing judgment of the Lucas County Court of Common Pleas. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. Appellant, Leroy D. Parks, was indicted on February 8, 2002, on two counts: aggravated robbery in violation of R.C. 2911.01(A)(1) with a firearm specification in violation of R.C. 2941.145 and robbery in violation of R.C. 2911.02(A)(3) (Case No. 02-1277). Appellant was indicted on February 21, 2002, on one count of aggravated robbery in violation of R.C.2911.01(A)(1) with a firearm specification in violation of R.C. 2941.145
(Case No. 02-1363). The trial court denied appellant's motion to sever the charges pending against him. On April 22, 2002, appellant withdrew his not guilty pleas and entered a plea of no contest to the charge of robbery in Case No. 02-1277. On the same day, appellant also withdrew his not guilty pleas and entered a plea of no contest to the charge of aggravated robbery and the firearm specification in Case No. 02-1363. On May 24, 2002, appellant was sentenced to a term of three years on the charge of aggravated robbery and a consecutive term of three years on the firearm specification in Case No. 02-1363. Appellant was also sentenced to a term of three years on the charge of robbery in Case No. 02-1277. The trial court ordered that the sentence in Case No. 02-1363 be served consecutively to the sentence in Case No. 02-1277. Appellant filed a timely notices of appeal. On July 3, 2002, this court ordered that the two appeals be consolidated for purposes of appeal.
 {¶ 3} Appellant sets forth the following assignment of error:
 {¶ 4} "The trial court committed error by imposing consecutive sentences."
 {¶ 5} In his assignment of error, appellant argues that his sentence should be reversed and modified pursuant to R.C.2953.08(G)(1)[1], as it was contrary to law and not supported by the record. Specifically, appellant argues that there was no sufficient basis for the trial court's order that his sentence in Case No. 02-1363 be served consecutively to the sentence in Case No. 02-1277. This court finds no merit in this assignment of error.
 {¶ 6} Pursuant to R.C. 2929.19(B)(2)(C), a judge must make certain findings on the record that support the penalty imposed. R.C. 2929.19(B)(2)(C) states in relevant part:
 {¶ 7} "(B)(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 8} "* * *
 {¶ 9} "(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences; * * *"
 {¶ 10} R.C. 2929.14(A) provides that the trial judge is to impose concurrent sentences unless he finds, under R.C. 2929.14(E)(4), that consecutive sentences are warranted. R.C. 2929.14(E)(4) states in pertinent part:
 {¶ 11} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 12} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 13} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 14} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 15} Thus, R.C. 2929.14(E)(4) sets out a tri-partite procedure for imposing consecutive prison sentences. First, the trial court must find that consecutive sentences are "necessary" to protect the public or to punish the offender. Second, the court must find that the proposed consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" that the offender poses. Finally, the court must find the existence of one of the three circumstances enumerated in sub-parts (a) through (c). State v. Snyder,
Hocking App. No. 02CA2, 2002 Ohio 3756, ¶ 22.
 {¶ 16} A judge is given broad discretion when sentencing within the confines of statutory authority. State v. Wright (1998),126 Ohio App.3d 628, 632. Only upon a showing of clear and convincing evidence may a reviewing court disturb a sentence imposed under Senate Bill 2. State v. Garcia (1998), 126 Ohio App.3d 485, 487. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122. However, failure to sufficiently state the reasons for imposing consecutive sentences on the record constitutes reversible error. State v. Gary (2001), 141 Ohio App.3d 194, 196.
 {¶ 17} In the case sub judice, this court notes that the necessary findings are included in the transcript of the sentencing hearing. In imposing the consecutive sentences, the trial court noted that the robbery conviction was part of an organized activity with two other individuals; that appellant had not responded favorably to previously imposed sanctions; and that the crime was more serious than less serious. The trial court also stated that the proposed consecutive sentences was "not disproportionate" to the seriousness of appellant's conduct and that the "danger" that he posed to the community was great based on his criminal history which the trial court noted was, at twenty years old, 3 adult felonies, 1 being a violent crime with a gun specification and 2 misdemeanors as well as a significant juvenile record.
 {¶ 18} This court adheres to the position that a sentencing court may state its findings in either its judgment entry or from the bench. See, State v. Comer, 6th Dist. No. L-99-1296, 2002 Ohio 233, motion to certify record granted, 95 Ohio St.3d 1472, 2002 Ohio 2444. Having found the sentencing court in the case sub judice included the necessary findings and reasons at the sentencing hearing, it is unnecessary for this court to examine the judgment entry. Although unnecessary, this court has examined the sentencing judgment entry and finds it sufficient.
 {¶ 19} Accordingly, appellant's assignment of error is found not well-taken.
 {¶ 20} On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Judith AnnLanzinger, J., concur.
[1] R.C. 2953.08 provides, in pertinent part:
 "(G)(1) The court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
"* * *
"(d) That the sentence is otherwise contrary to law."